42805. LEATHERS v. McCLAIN.
(338 SE2d 666)

MARSHALL, Presiding Justice.

Appellee-defendant purchased five parcels of real property by tax deed in 1982 and never foreclosed the right to redeem as provided by OCGA § 48-4-45. Appellant-plaintiff became a transferee of a 1974 security deed to the property in 1984. Pursuant to OCGA § 48-4-40, the appellant tendered the amount required by OCGA § 48-4-42 for redemption, but the appellee refused to make quitclaim deeds to the property, as provided in OCGA §§ 48-4-43, 48-4-44. In the appellant-plaintiff's action to obtain his right of redemption of the property, the trial court granted the appellee-defendant's motion to dismiss. The plaintiff appeals. We reverse.

OCGA § 48-4-40 provides: "Whenever any real property is sold under or by virtue of an execution issued for the collection of state, county, municipal, or school taxes or for special assessments, the defendant in fi. fa. or *any person having any right, title, or interest in or lien upon such property* may redeem the property from the sale by the payment of the redemption price or the amount required for redemption, as fixed and provided in Code Section 48-4-42: (1) At any time within 12 months from the date of the sale; and (2) At any time after the sale until the right to redeem is foreclosed by the giving of the notice provided for in Code Section 48-4-45." (Emphasis supplied.) "Lien as here used will comprehend also title under deeds for security of debt." *Union Central Life Ins. Co. v. Bank of Tignall,* 182 Ga. 233, 235 (185 SE 108) (1936). The *assignee* of a security deed has legal title to the property, subject to the right of the original grantor to have the property reconveyed to him upon payment of the debt. *Regantee v. Reliable-Triple Cee &c., Inc.,* 251 Ga. 629 (1) (308 SE2d 372) (1983), citing *Porter v. Mid-State Homes,* 133 Ga. App. 706, 707 (213 SE2d 10) (1975); OCGA § 44-14-60.

The appellee argues that the right of redemption cannot be exercised by one who is not an interest holder in the property *at the time of the tax sale,* citing *Boroughs v. Lance,* 213 Ga. 143 (2) (97 SE 357) (1957); *Durham v. Crawford,* 196 Ga. 381 (2) (26 SE2d 778) (1943); *Forrester v. Lowe,* 192 Ga. 469 (2) (15 SE2d 719) (1941); *Martin v. Clark,* 190 Ga. 270 (3) (9 SE2d 54) (1940); *Union Central Life Ins. Co. v. Bank of Tignall,* 182 Ga. 233, supra; *Carver Cotton Gin*

*Co. v. Barrett & Caswell,* 66 Ga. 526 (1881). All of these cases are either distinguishable on the facts or stand for a different proposition from that urged. We have neither been cited nor found any statutory basis for such a restriction. OCGA § 48-4-45 (a) requires that notice of foreclosure of the right to redeem be given to "(3) All persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the property." Since this statute does not provide that the interest must have been held at the time of the tax sale, we construe it to require notice to lienholders who exist at the time of any attempted foreclosure of the right of redemption. We therefore hold that such lienholders, including the appellant, are not barred from the right of redemption by reason of having acquired their interest subsequent to the tax sale.

A limitation such as is urged by the appellee would constitute a restraint on alienation of estates. "It is the policy of the law to encourage free alienability of property, and attempts to remove either land or chattels from circulation in trade are discouraged not only by the rule against perpetuities, the abolition of fee tails, the early vesting of estates, and the doctrine of virtual representation, but by the rule against unreasonable restraints on alienation." Pindar, Ga. Real Est. Law, § 7-156 (2nd ed.).

The appellee has not been adversely affected by the transfer of the security deed. The interest held by the transferee existed prior to the tax sale, and was, therefore, not an after-acquired interest. Even if the interest had not been transferred, the transferor could have redeemed the property at any time unless and until the appellee foreclosed the right of redemption. Since she failed to take this step to properly protect her interest, she cannot now be heard to complain.

Accordingly, the complaint stated a claim for having the appellee quitclaim-deed the property back into the defendant in fi. fa., leaving the property subject to all liens existing at the time of the tax sale, as provided in OCGA §§ 48-4-43, 48-4-44.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 28, 1986.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde,* for appellant.

*William W. Lavigno III,* for appellee.