A93A1367. MORGAN v. GEORGIA GENERAL INSURANCE COMPANY.
(436 SE2d 782)

Pope, Chief Judge.

Plaintiff-insured was sued by a third party after his son was involved in an automobile accident. Defendant-insurer refused to defend plaintiff on the grounds that plaintiff's policy with defendant was not in effect at the time the accident occurred. Plaintiff then brought this action seeking a declaratory judgment establishing defendant's responsibility under the policy. The trial court granted summary judgment for defendant, and plaintiff appealed.

We view the record in the light most favorable to plaintiff as the opponent of summary judgment, giving him the benefit of all reasonable doubts and inferences. See, e.g., *McGinty v. Goldens' Foundry &c. Co.*, 208 Ga. App. 248 (1) (430 SE2d 185) (1993). Plaintiff purchased a policy of insurance from defendant which provided coverage from 12:01 a.m. on April 12, 1991, to 12:01 a.m. on October 12, 1991. Plaintiff did not pay his premium all at once, but instead financed it through AIM Finance. Each month he would receive a bill for that month's installment payment on the premium, and each month his

wife would pay it. In September 1991, plaintiff received a renewal offer from defendant. The offer stated a total amount for the premium and provided a space for a check mark indicating the insured's desire to finance the premium through AIM. Plaintiff's wife checked that space, signed the offer and mailed it back. She expected to receive a bill for October as well as insurance cards. When she did not, Mrs. Morgan went to see Wendy Peavy, the agent from whom plaintiff originally bought the insurance. Peavy did not ask for any payment on the premium. Instead, she told Mrs. Morgan she would be billed and typed up two new insurance cards for her. Plaintiff and his wife then considered their insurance to be in effect. When their son had an accident around 6:00 p.m. on October 12, 1991, however, defendant denied coverage.

Plaintiff argues that a question of fact exists as to whether a binding insurance contract was created when his wife accepted the renewal offer by signing it and mailing it back, checking off the space indicating that the premium was to be financed. We agree. In the context of this case, by marking the space indicating the premium was to be financed, the Morgans promised to continue making installment payments in accordance with a financing plan as they had done in the past, and defendant's inclusion of this financing option in its offer can only be construed as an agreement to accept the Morgans' promise of future payments in return for its promise of insurance coverage. Citing *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837 (4) (413 SE2d 430) (1992), defendant argues that the contract must fail for lack of consideration because plaintiff did not pay the required renewal premium. In *Brown*, however, the insured did not finance the premium but instead sent in a check which bounced. Unlike a bad check, a promise to make one or more payments in the future clearly *is* valid consideration which will support a contract. See Black's Law Dictionary, p. 277 (5th ed. 1979); OCGA § 13-3-42. In this case, the conditions giving rise to the insurer's conditional obligation under the contract occurred before the insured's promise to pay in the future was fulfilled, but this circumstance should not enable the insurer to escape its obligation under the contract. If the insurer did not intend to be bound until the premium was actually received, it should not have incorporated the financing option into its renewal offer.

Thus, if a jury believes the Morgans signed and returned the renewal offer and promised to make monthly payments on the premium under a financing plan, it would be authorized to find that the policy was renewed and coverage was in force at the time of the accident even though the first payment on the renewed policy had not yet been received. Furthermore, even if the inclusion of the financing option in the offer were not construed as an acceptance by the insurer of plaintiff's promise to pay in the future, we agree with plaintiff that a ques-

tion of fact would exist as to whether defendant should be estopped from denying coverage based on its agent's failure to ask Mrs. Morgan for a payment and statement that she would be billed. See *Home Materials v. Auto Owners Ins. Co.*, 250 Ga. 599 (2) (300 SE2d 139) (1983). The trial court therefore erred in granting summary judgment for defendant.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1993.

*Wright & Hyman, Thomas H. Hyman*, for appellant.
*William H. Anderson III*, for appellee.