A93A2370. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. HAND et al.

(440 SE2d 92)

BLACKBURN, Judge.

The appellee, Tina Hand, was involved in an automobile collision on November 21, 1991. When she was sued for damages by the other parties involved in that collision, Georgia Farm Bureau Mutual Insurance Company, Hand's alleged automobile liability insurance carrier, filed an answer on her behalf. However, Georgia Farm Bureau subsequently sought declaratory judgment that no coverage existed, on the ground that the liability policy issued to Hand had expired prior to the collision. The trial court granted summary judgment for Hand and denied such for Georgia Farm Bureau, and this appeal followed.

The record shows that Hand first insured a 1978 Chevrolet automobile with Georgia Farm Bureau in May 1991, for a policy period that expired on November 13, 1991. Hand did not pay the renewal premium for the policy by that date. Georgia Farm Bureau attempted to mail Hand a renewal declaration and premium bill prior to that expiration, but Hand had not received it because she had never reported an earlier change of address. The local Georgia Farm Bureau agent received the cancellation notice on Hand's policy on November 21, 1991, but that notice was not placed with her file until a few days later.

On November 18, 1991, Hand replaced her car with a 1984 Chevrolet Chevette. She called the local agent's office on multiple occasions regarding that change, but the frequency, dates, and contents of those telephone contacts are disputed. Hand claimed that she first called the agent's office on the day she bought the car, requesting that coverage under her policy be transferred to the new car and that collision coverage be added as required by the lienholder. She also recalled expressing some concern that her policy was due for renewal and inquiring whether she should bring some money to the agent's office at that time. Rather than being informed that her policy had expired, she was instructed to call back with the serial number of the new vehicle and was told that she would be billed for the additional coverage. Georgia Farm Bureau asserted that this initial contact occurred on November 20, 1991.

Hand further claimed that she called the local agent's office again on November 20 and 21, 1991, providing the serial number of the replacement car, her correct address, and to make sure that she did not need to make immediate payment of a premium. On November 21, 1991, she was assured that her automobile was covered, and that evening, the automobile collision occurred.

When Hand reported the incident to Georgia Farm Bureau, she was instructed to obtain three estimates of the damages to her vehi-

cle. On November 25, 1991, a claims adjuster presented her with a check as payment of the claim, but retrieved the check from her later that same day when the local agent realized that Hand's policy was expired. On December 3, 1991, Georgia Farm Bureau mailed Hand a renewal declaration and premium bill concerning her previous car, with a policy term from November 13, 1991, to May 13, 1992. The bill, however, provided that the policy would expire if payment of the premium was not received by November 13, 1991, and Georgia Farm Bureau refused Hand's subsequent tender of payment under that renewal declaration.

As noted by the trial court, Georgia Farm Bureau's motion for summary judgment was predicated upon Hand's insurance policy having expired on November 13, 1991, due to her nonpayment of the renewal premium. Hand's motion for summary judgment asserted that the acts of Georgia Farm Bureau's agents bound the insurer to extend insurance coverage for the incident.

The trial court further noted that under OCGA § 33-24-45 (f), if an insured does not pay a renewal premium, the insurer is not required to send written notice of cancellation or non-renewal, and then found that Hand's policy of insurance with Georgia Farm Bureau had expired as maintained by the latter. However, the trial court found that an oral binder for a new policy was created during the telephone contacts between Hand and the local Georgia Farm Bureau agent.

On appeal, Georgia Farm Bureau contends that the trial court improperly considered whether a new policy was created, because this case only involved the issue of whether coverage existed under Hand's *expired* policy. We agree.

"Whether a renewal creates a new contract, or extends the original contract, depends primarily on the intention of the parties. [Cit.]" *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837, 838 (413 SE2d 430) (1992). "In discovering the intent of the parties, the whole instrument should be considered together, along with the surrounding circumstances. [Cit.]" Id.

In the instant case, it was uncontroverted that prior to Hand's contact with the local agent's office regarding her acquisition of the replacement car, Georgia Farm Bureau had unsuccessfully attempted to mail her a *renewal* declaration and premium bill. When Hand reported her purchase of the new car, she specifically requested that her insurance coverage be *transferred* from her former vehicle to the new car. At that time, she also requested additional coverage on the car, as required by the lienholder, and she was told that she would be billed for the additional coverage. The material mailed by Georgia Farm Bureau to Hand on December 3, 1991, consisted of a *renewal* declaration and premium bill which identified her former automobile as the insured vehicle.

Further, in its petition for declaratory judgment, Georgia Farm Bureau specifically asserted that Hand contended that she was afforded coverage under her *expired* policy, and in her answer Hand admitted that averment. As such, that fact is established as an admission in judicio and is binding upon Hand because the admission was never withdrawn. *Jabaley v. Jabaley*, 208 Ga. App. 179 (430 SE2d 119) (1993).

The above circumstances and documentary evidence are consistent with only one conclusion, i.e., that a report of a change under the policy issued in May 1991, and renewal of that policy, were contemplated, and not an application for a new policy. Accordingly, the trial court incorrectly proceeded to determine that an oral binder for a new policy was created, and erred in granting summary judgment for Hand on that basis. However, it does not follow that Georgia Farm Bureau was entitled to summary judgment.

In contending that the trial court should have granted summary judgment for it, Georgia Farm Bureau relies upon *Prescott's Altama Datsun v. Monarch Ins. Co. of Ohio*, 170 Ga. App. 545 (317 SE2d 845) (1984), wherein this court held that the doctrines of waiver and estoppel may not extend coverage under a liability insurance policy that expired prior to the occurrence of the claimed accident. However, on certiorari, the Supreme Court declined "to adopt the proposition of law that although policy conditions and limitations may be waived, the defense of noncoverage can never be waived." *Prescott's Altama Datsun v. Monarch Ins. Co. of Ohio*, 253 Ga. 317, 318 (319 SE2d 445) (1984).

In the instant case, although the evidence was conflicting as to what was discussed by Hand and the employees of the local agent's office during their various telephone contacts, Hand testified in her deposition that before the automobile collision, she expressed concern that her premium was due and asked whether she should bring some money to the agent's office, and that she was assured that she was covered and that she would be billed for the premium. Also, despite the fact that the renewal declaration sent to Hand on December 3, 1991, provided that there was no grace period for late payment of the renewal premium, a subsequent letter written to Hand's attorney explaining the denial of coverage indicates that Georgia Farm Bureau had discretion to reinstate an insurance policy within ten days of the renewal date.

The above evidence was sufficient to raise an issue of fact as to whether Georgia Farm Bureau waived the expiration of the policy that otherwise resulted from the nonpayment of the renewal premium by November 13, 1991. Cf. *Morgan v. Ga. Gen. Ins. Co.*, 210 Ga. App. 614 (436 SE2d 782) (1993). For that reason, the trial court was correct in denying Georgia Farm Bureau's motion for summary judgment.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 24, 1994.

*Dunaway & Wallace, Roger W. Dunaway, Jr.,* for appellant.
*Jimmy D. Plunkett,* for appellees.
Bobby Roberts, Sondra Roberts, *pro se.*