## A96A1254. INTERNATIONAL INDEMNITY COMPANY v. SAIA MOTOR FREIGHT LINE, INC.
### (478 SE2d 776)

BLACKBURN, Judge.

International Indemnity Company (International) appeals the trial court's grant of summary judgment and award of $22,708.37 in defense costs to Saia Motor Freight Line, Inc. (Saia). International also appeals the grant of Saia's motion to compel discovery in connection with its bad faith refusal to defend a claim.

International's insured, Gary K. Burleson, was involved in a tractor-trailer collision while driving a truck he had leased from Saia. Burleson had named Saia as an additional insured on his policy with International. Saia was also insured by National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union). After David Nesbit, the driver of the other truck involved in the collision, filed suit against Burleson, Saia, and National Union, Saia demanded International defend the action. International refused, and Saia filed a third-party complaint against International.

In an unpublished opinion, this Court affirmed the trial court's grant of partial summary judgment, holding that National Union was an excess carrier and that International was the primary insurer and had a duty to defend Saia in the tort action. The amount of defense costs and disposition of Saia's bad faith claim were reserved for later determination. *Intl. Indem. Corp. v. Saia Motor Freight Line*, Case No. A94A2029, decided February 1, 1995, cert. denied May 5, 1995.[1] Accordingly, International was responsible for Saia's defense and its associated costs. See *Ga. Mut. Ins. Co. v. Rollins, Inc.*, 209 Ga. App. 744, 746-747 (2) (434 SE2d 581) (1993); see also *Commercial Union Ins. Co. v. Ins. Co. of North America*, 155 Ga. App. 786, 790 (3) (273 SE2d 24) (1980) (primary insurer has primary duty to defend). International now contests the amount of the defense costs awarded

---

[1] This opinion is set out in its entirety following the majority.

by the trial court following our opinion and the court's orders requiring it to produce certain documents which Saia requested through discovery in the prosecution of its bad faith claim.

1. International first argues that Saia was not entitled to defense costs because it did not demand a defense from International until approximately one year after the tort action had been filed. International also argues that the award of defense costs should not include any amount for the period that Saia conducted its own defense prior to making demand upon International.[2]

This enumeration is without merit and involves the same coverage issue which this Court has already decided against International. With respect to International's argument that Saia did not demand a defense until June 16, 1993, just before Saia filed its third-party complaint, the uncontroverted evidence shows that Saia made demand on International over a year earlier, in an April 22, 1992 letter. International does not contest that it received this letter, or that it refused to defend the suit. It was only after International's refusal that Saia undertook to defend the lawsuit on July 22, 1992. The third-party complaint was filed almost a year later, on July 30, 1993.

2. International also argues that the $22,708.37 award of defense costs to Saia was erroneous because it includes the defense costs of defendant National Union. Contending that it has no duty to pay National Union's defense costs, International argues that the pleadings in this case show that Saia is wrongfully attempting to recover National Union's defense costs.

The evidence, including the affidavit of Saia's attorney, supports the award of defense costs. International has the burden of showing what portion of the $22,708.37 award was allegedly improperly attributed to National Union's defense and of refuting the evidence of record. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). International has failed to cite any evidence, and the trial court did not err in the award of defense costs.

3. International further appeals an adverse ruling on several discovery issues. Following oral argument, the trial court granted Saia's motion to compel discovery and ordered International to produce its entire claims file. It also ordered International to produce all bills submitted to it by Lane, O'Brien, Caswell & Taylor (Lane), the law firm which defended the truck driver, International's insured.

---

[2] In its enumerations of error, International asserted two separate errors in a single enumeration in violation of the rules of this Court. All of International's enumerations have been considered, even though such consideration was not required under the rules of this Court. "When an appellant asserts more than one error within a single enumeration this court may, in its discretion, review none, one or both of the errors asserted." *Dept. of Transp. v. 2.953 Acres of Land*, 219 Ga. App. 45, 46 (463 SE2d 912) (1995).

Finally, the trial court ordered International to direct Allclaims, Inc., the investigator of the tractor-trailer accident for International, to produce all the documents that had been previously sought by Saia.

On the issue of producing its entire claims file, International argues that "a party cannot be compelled to produce an 'entire file,'" and it also claims that the file contains attorney/client privileged information. International's argument ignores the fact that the trial court's order specifically excludes from production all correspondence between International and its counsel, and is groundless. With respect to International's "entire file" argument, the Civil Practice Act grants judges broad discretion in determining discovery issues, and this Court will "'refuse to interfere with a trial court's exercise of its discretion in absence of abuse. . . .' [Cit.]" *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51-52 (1) (435 SE2d 236) (1993). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." OCGA § 9-11-26 (b) (1). The only privilege asserted by International was the improperly argued attorney/client privilege, and the trial court's order disposes of that objection. International does not contest the relevancy of the material requested, and it cites no authority for its argument that a party cannot be made to produce its entire file. International has shown no abuse by the trial court of its exercise of discretion on this issue.

International enumerates as error the order to produce the fee bills submitted to it for payment by the Lane firm. Saia's sole reason for requesting these documents was to show that the sums expended for its own defense in the tort action were reasonable for the services rendered. International asserts that it does not contest the reasonableness of the defense costs awarded, and thus to require the production of the bills is error. International's argument is inconsistent with its position that the sum awarded included costs for National Union, which necessarily raises the issue of the reasonableness of Saia's attorney fees. While this appeal may render moot the basis for the production of the subject bills, International has shown no error by the trial court in ordering their production.

Finally, the trial court ordered International "to direct Allclaims, Inc. to produce all documents requested by Saia." Allclaims, as agent for International, investigated the tractor-trailer collision on behalf of International. Saia filed a third-party document request on Allclaims. International filed an objection to this third-party request, and Allclaims itself never responded to Saia's request. Saia filed a motion to compel only against International.

Normally, a motion to compel is filed directly against the party from whom discovery was sought. See OCGA § 9-11-34 (c) (1). However, as the oral argument on the motion to compel is not contained

in the record, and Allclaims acted as an agent of International, "[i]n the absence of a transcript, we must assume that the trial court's findings were supported by the evidence." (Citation and punctuation omitted.) *Dept. of Human Resources v. Cowan,* 220 Ga. App. 230, 232 (2) (469 SE2d 384) (1996). Accordingly, we cannot say that the trial court abused its discretion on this issue.

4. Saia requests the imposition of sanctions against International pursuant to OCGA § 5-6-6, citing International's failure to support its arguments with authority, its misrepresentations to this Court of record evidence, its attempt to relitigate issues already decided in the previous appeal, and the complete lack of evidence submitted in opposition to Saia's motion for summary judgment. Saia also asserts the instant appeal was filed only for purposes of delay.

This matter is precisely the type of appeal OCGA § 5-6-6 was designed to address. Based on our earlier judgment, International's often groundless argument, and the record in the present case, there was no valid reason for International to anticipate reversal of the trial court's judgment. See *Cunningham v. Tara State Bank,* 212 Ga. App. 470, 471 (442 SE2d 18) (1994); see also *Ray v. Standard Fire Ins. Co. &c.,* 168 Ga. App. 116, 118 (4) (308 SE2d 221) (1983) (sanctions merited when appellant "knew or should have known that, under a careful reading of the facts and the relevant law, [its] appeal was ill-founded").

Accordingly, Saia's motion for sanctions pursuant to OCGA § 5-6-6 is granted, and the trial court is hereby directed to impose a ten percent penalty of $2,270.84 against International and to add said amount to Saia's judgment upon receipt of the remittitur in this action.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

\* \* \*

NOT TO BE OFFICIALLY REPORTED