A96A1974, A96A1975. THOMAS FINANCIAL GROUP, LTD.
v. STANDARD CHARTERED BANK; and vice versa.
(485 SE2d 237)

ANDREWS, Chief Judge.

In Case No. A96A1974, The Thomas Financial Group, Ltd. (TFG) appeals from the grant of partial summary judgment to Standard Chartered Bank (SCB) and the grant and denial of various procedural motions by way of certificate of immediate review. In Case No. A96A1975, SCB has filed a cross-appeal addressing the trial court's grant of partial summary judgment to TFG on SCB's claim in Count 3 of its amended complaint, alleging breach of contract, which would come into play only if this Court reverses the trial court's conclusion that the business arrangement between SCB and TFG was void as violative of various federal and state laws and, therefore, unenforceable.

### Case No. A96A1974

1. Although TFG has filed 29 enumerations of error, its brief does not comply with Rule 27 (a) (3) of this Court in that there is no statement of the applicable standard of review of these claimed errors. Further, although twenty-nine enumerations are designated, the argument and citation of authority section, in violation of Rule 27 (c) (1), contains only three main headings, alleging (1) that the joint venture between TFG and SCB was legal and should not be void as against public policy (designated as addressing enumerations 1, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27); (2) TFG is entitled to lost profits from the joint venture (designated as addressing enumerations 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19); and (3) TFG is entitled to judgment in its favor on all other issues and motions (designated as addressing enumerations 3, 19, 21, and 23).

We exercise our discretion, despite these errors which subject the appeal to dismissal, to consider the three main arguments presented,

to the degree that we discern the enumerated errors discussed.[1] *Finch v. Brown*, 216 Ga. App. 451, 452 (454 SE2d 807) (1995); *McHaffie v. Decatur Federal Sav. &c. Assn.*, 214 Ga. App. 368, 369 (448 SE2d 36) (1994).

2. Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the facts necessary for our determination are as follows. SCB, an English public company, and TFG, a corporation formed by Michael Thomas in 1984, engaged in business activities beginning in 1986 and continuing through early 1991 dealing with loans funded by SCB which had been originated by TFG and were guaranteed by the federal Small Business Administration (SBA). The loans, if approved by SBA, were guaranteed for 80 percent of the unpaid balance. SCB remained exposed on the unguaranteed portion of the loans if the borrowers defaulted.

The guaranteed portion of the loan was subject to being sold to investors on a secondary market for a percentage of the loan known as a premium. SCB also collected the payments on the loans and thereby earned a servicing fee. Although no written agreement was ever entered into by SCB and TFG, a pattern evolved through their working together on approximately 100 loans over this period of time. Loans would be originated by TFG, approved by the SBA, funded by SCB, and then sold through the secondary market, with TFG and SCB agreeing to share the servicing fee, premiums, and any losses equally.

Efforts were made by SCB and TFG over the course of their dealings to reduce this arrangement to a written agreement, but those efforts were unsuccessful, culminating in SCB officials declining to enter into such an agreement.

As a result of the deterioration beginning in 1990 of the SBA loan portfolio maintained by SCB and its decision to abandon SBA loans, SCB began attempting to sell its portfolio. It was unable to do so, however, because of TFG's continuing claim to a portion of the servicing fees, which resulted in the initiation of SCB's declaratory judgment action here at issue. The complaint was filed in 1992, alleging that TFG claimed an "interest as a joint venturer with SCB in the servicing fees" and SCB could not therefore dispose of these loans while TFG asserted this interest. The complaint sought a declaration that the anticipated losses on the loans were greatly in excess of any fees due and that TFG should share in these losses.

In its answer and counterclaim, filed in September 1992, TFG alleged as its third defense that the complaint "is barred by reason of

---

[1] No argument is presented regarding enumerations 3, 6, 7, 10, 15, 19, 26, 28, or 29, and they are deemed abandoned. Rule 27 (c) (2). This is true even though enumeration 19 is designated in all three major headings.

illegality and violation of public policy." The answer acknowledged that a pattern had developed between SCB and TFG whereby premiums and servicing fees were to be shared, but alleged there was no agreement regarding offsetting losses from one loan toward fees payable on another loan. TFG further alleged that "any agreement or agreements that [TFG] would share losses with [SCB] on any basis would be void as against public policy, applicable regulations, and agreements" with the SBA.

TFG admitted that "it claims a vested ownership interest in fees with respect to the loans in [SCB's] portfolio which were referred to [SCB] by [TFG], but . . . denies the characterization of its interest or status as that of a 'joint venturer' on any particular loan or series of loans and the fees to be derived therefrom." TFG filed a counterclaim contending that, through this "general pattern" of conducting business, it was entitled to service fees of over $100,000. It also alleged counts in quantum meruit or implied contract on four specific loans; a quasi contract theory regarding office space leased by TFG in 1991; rescission of a side deal on the Pilgreen's loan; breach of a confidential relationship; and breach of the duty of good faith as a result of which TFG claimed over $2,500,000 in business injury and "lost profits."

On September 14, 1993, SCB filed its motion for partial summary judgment on TFG's count regarding lost profits, based partially on TFG's denial in its pleadings of the existence of a joint venture and the assertion that, if one existed, it was illegal. In its response, on October 19, 1993, TFG contended that its allegations in paragraph 47 of its answer did allege a joint venture and that SCB illegally withdrew in 1991, causing it the claimed business losses in 1991 and 1992. Alternatively, TFG contended that, if that paragraph did not allege a joint venture, justice required that TFG be allowed to add such a claim by amending its counterclaim. A motion to add such a claim was filed that same day, alleging that there was a joint venture, joint enterprise, or partnership "according to oral and written agreements evidenced by part performance" and not limited to particular loans, but "extended in fact to future loans and the series of loans which would have materialized and been consummated in the future." That same day, TFG also filed its motion to add as a party and defendant in counterclaim StanChart Business Credit, Inc., the corporation which had been proposed as the vehicle in the never consummated written joint venture agreement.

On October 22, 1993, the SBA Office of Inspector General issued two audit reports, one of SCB's operations and one of loans by Tara State Bank, originated by TFG. One of the conclusions of the audit of SCB was that it had improperly "shared premiums . . . with an associate [TFG] involved with packaging loans."

TFG then filed its motion for partial summary judgment, denial of which is enumerated as error, seeking the court's declaration that there was an "oral partnership/joint venture between itself and SCB regarding SBA lending through SCB's Atlanta office."

By Thomas' affidavit of June 17, 1994, TFG added to the litigation its contention that it was not a "loan packager," but a "bank service corporation" which was not legally prohibited from sharing premiums and losses. TFG had admitted in its answer that it had functioned as a loan packager.

On June 21, 1994, SBA General Counsel Spotila, in response to a request for approval of a written contract between TFG and Oconee State Bank regarding SBA loans, the terms of which were comparable to those proposed between SCB and TFG, found the proposed arrangement illegal and subsequently published a Procedural Notice to this effect.

It was in this procedural context that the trial court entered the order appealed.

3. With regard to the various orders enumerated as error which deal with discovery disputes, addition of counterclaims, and other procedural matters, the appropriate standard of review requires that TFG demonstrate that the court abused its discretion in these matters. See, e.g., *Intl. Indem. Co. v. Saia Motor &c.,* 223 Ga. App. 544 (478 SE2d 776) (1996); *Kemira, Inc. v. Amory,* 210 Ga. App. 48, 51-52 (1) (435 SE2d 236) (1993). We hereby adopt the trial court's order as our own with regard to these procedural and discovery matters and we find that there has been no abuse of discretion regarding these matters.

4. We need only to address the illegality of the proposed joint venture and the state of the pleadings to resolve this case. Again, we adopt the trial court's order regarding this issue, finding that the denial of a joint venture in its answer and counterclaim was binding on TFG and that any such joint venture would have been illegal and unenforceable. We add only the following authority in support of the conclusions reached therein. *Moss v. Moss,* 265 Ga. 802, 803 (463 SE2d 9) (1995); *Drug Line v. Sero-Immuno Diagnostics,* 217 Ga. App. 530 (458 SE2d 170) (1995); *Cherokee Falls Investments v. Smith,* 213 Ga. App. 603, 604 (1) (445 SE2d 572) (1994); *Bridges v. Reliance Trust Co.,* 205 Ga. App. 400, 401 (2) (422 SE2d 277) (1992); *Zappa v. Basden,* 188 Ga. App. 472, 475 (373 SE2d 246) (1988); *Sierra Assoc., Ltd. v. Continental Illinois Nat. Bank &c.,* 169 Ga. App. 784 (315 SE2d 250) (1984). All deal with requirements for a binding contract and the unenforceability of an agreement to agree.

*Walker v. Sutton,* 222 Ga. App. 638 (476 SE2d 34) (1996); *Ga. Farm Bureau &c. Ins. Co. v. Hand,* 211 Ga. App. 703, 705 (440 SE2d 92) (1994); *Jabaley v. Jabaley,* 208 Ga. App. 179 (1) (430 SE2d 119)

(1993); *Ditch v. Royal Indem. Co.*, 205 Ga. App. 478 (422 SE2d 868) (1992); *Shaw v. Hughes*, 199 Ga. App. 212, 213 (404 SE2d 309) (1991). All deal with admissions in judicio.

### Case No. A96A1975

5. This appeal is dismissed as moot as the result of our conclusions in Case No. A96A1974.

*Judgment affirmed in Case No. A96A1974. Appeal dismissed in Case No. A96A1975. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 18, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997 — 

*Davis, Matthews & Quigley, Ron L. Quigley, Ronald Tigner*, for appellant.

*Smith, Gambrell & Russell, Stephen M. Forte, Thomas M. Barton*, for appellee.