A00A0568. JANET RICKER BUILDER, INC. v. GARDNER et al.
(536 SE2d 777)

JOHNSON, Chief Judge.

Janet Ricker Builder, Inc. (hereinafter "Builder") built several houses in a subdivision and sold one of them to the Trust Under the Will of Clyde L. Crawford, of which Pauline Gardner was Trustee.

---

After purchasing the home, Gardner concluded that the construction was, in many respects, unsatisfactory. Gardner telephoned Builder and left a message requesting that certain repairs be made immediately and stating that she could "mess up" the sale of the homes not yet sold in the subdivision. Gardner placed signs on the property indicating her dissatisfaction with the home's construction. A sign in one front window read "This lemon is for sale. Built by Janet Ricker Builder, Inc."

In response, Builder filed an action for defamation and tortious interference with business relations against Gardner and the trust (collectively "Gardner"). Builder alleged that Gardner acted improperly by misrepresenting the facts as to its performance and thereby interfered with Builder's ability to sell other houses in the subdivision. Builder later amended the complaint to allege Gardner breached their contract by not submitting the dispute to arbitration. Builder and Gardner moved for summary judgment, and Builder also moved for default judgment and to strike Gardner's answer. The trial court granted Gardner's motion for summary judgment and denied Builder's motions. Builder appeals.

At the outset, we note that Builder has failed to comply with an order and several rules of this Court. For example, soon after filing the appeal, Builder requested an extension of time in which to file its brief. We granted an extension, but then Builder missed the extended deadline by eight days. When Builder finally filed its brief, it failed to include in its statement of facts citations to the record, neglected to support all but two of its seven arguments with citations to legal authority, and failed to include the applicable standards of review. In failing to include these items in the brief, Builder has violated Court of Appeals Rule 27 (a) (3). Because Builder has not complied with the Court's rules of practice, we are authorized to disregard or treat as abandoned those enumerations which are deficient.[1] In this case, we will exercise our discretion to consider the main arguments presented.[2]

1. Builder contends the trial court erred in denying its motion to strike Gardner's answer because Builder filed a verified complaint, but Gardner filed an answer which was not verified. This enumeration presents no grounds for reversal.

OCGA § 9-10-111 provides that where a plaintiff files a pleading and attaches thereto an affidavit providing that the facts stated in the pleading are true to the best of his knowledge and belief, the defendant must in like manner verify his answer. Builder filed a veri-

---

[1] See *Collins v. Newman*, 237 Ga. App. 861 (1) (517 SE2d 100) (1999).

[2] *Thomas Financial Group v. Standard Chartered Bank*, 225 Ga. App. 879-880 (1) (485 SE2d 237) (1997).

fied complaint. Although the answer Gardner initially filed was not verified, the amended answer was verified. It is well settled that the failure to verify a pleading is an amendable defect.[3] The trial court did not err in denying Builder's motion to strike the answer.

2. Similarly, because the amended answer related back to the date of the original answer,[4] Builder's enumeration that the second answer should not have been accepted because Gardner was in default is without merit.

3. Builder claims the trial court erred in failing to find that Gardner breached the sales contract by not arbitrating any dispute she had with Builder. The contract provides that "in the event a dispute arises after execution of this Agreement, there are alternatives to litigation through alternate dispute resolution methods, such as mediation and binding arbitration," and that "[a]ny controversy or claim arising out of or relating to this contract . . . shall be settled as expeditiously as possible by arbitration."

We point out, however, that Builder, not Gardner, initiated the litigation without first moving to compel arbitration. Accordingly, we fail to see how Builder can complain of Gardner's not submitting the dispute to arbitration.[5] Moreover, the contract refers to arbitration as an alternative to *litigation*. Gardner did not initiate litigation but expressed an opinion regarding the quality of the work done by Builder and apparently sought to settle the dispute without resorting to the courts. Builder has not shown a breach by Gardner. Under these circumstances, there was no error.

4. Builder contends that the trial court erred in failing to find that Gardner displayed conduct which amounted to tortious interference with Builder's business relationships. We disagree.

To recover under a theory of tortious interference with business relations, Builder must show that Gardner (1) acted improperly and without privilege; (2) acted purposely and with malice with the intent to injure; (3) induced a third party or parties not to enter into or continue a business relationship with Builder; and (4) caused Builder financial injury.[6]

Builder does not point to any evidence that Gardner acted improperly. Builder's president and sole shareholder, Janet Ricker, stated in her deposition that the reason she thought the sign was

---

[3] *Wall v. Mills*, 126 Ga. App. 149, 150 (1) (190 SE2d 146) (1972); see *Horizon Credit Corp. v. Lanier &c. Co.*, 220 Ga. App. 362, 364 (1) (469 SE2d 452) (1996).

[4] See *Peachtree Plastics v. Verhine*, 242 Ga. App. 21, 22 (528 SE2d 837) (2000).

[5] See generally *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (2) (411 SE2d 794) (1991) (agreement to arbitrate is waived by any action of party which is inconsistent with the right of arbitration).

[6] See *Integrated Micro Systems v. NEC Home Electronics*, 174 Ga. App. 197, 200 (3) (329 SE2d 554) (1985).

inaccurate was that "in my *belief*, . . . the house is not a lemon." Gardner, on the other hand, swore in an affidavit that the house has numerous problems, such as roof leaks and incomplete and inferior painting. An exhibit attached to the affidavit lists more than a dozen other construction problems. In our opinion, Gardner's statement that the house is a "lemon" is a constitutionally protected expression of opinion.[7] The trial court did not err in granting summary judgment to Gardner on the tortious interference claim.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 30, 2000.

*Alexander J. Repasky*, for appellant.
*Ford & Harrison, F. Carter Tate, John L. Monroe, Jr., Jeffrey D. Mokotoff*, for appellees.

---

[7] See *S & W Seafoods Co. v. Jacor Broadcasting &c.*, 194 Ga. App. 233, 237 (5) (390 SE2d 228) (1990).