## S11A1401. DRST HOLDINGS, LTD. v. BROWN.
### (720 SE2d 626)

CARLEY, Presiding Justice.

On October 28, 2005, after a tax sale of real property known as 723 Arbor Hill Drive, DeKalb County, Georgia, DRST Holdings tendered the redemption price and executed and recorded documents purporting to redeem the property from the sale. DRST Holdings then sent a written demand to Sheriff Thomas Brown for disbursement of the excess funds from the tax sale. However, Sheriff Brown determined that the redemption of the property by DRST Holdings was unauthorized and thus released the excess funds to an authorized representative of the estate of the defendant in fi. fa., Martha W. Hardy, who owned the property at the time of the sale. On August 14, 2009, DRST Holdings filed a petition for money rule nisi and mandamus against Sheriff Brown demanding payment of the excess funds. After Sheriff Brown filed an answer, DRST Holdings filed a motion to strike the answer because it was not verified at the time of filing. After a hearing was held on December 13, 2010, the trial court denied the motion to strike and held that DRST Holdings was not authorized to redeem the real property from the tax sale because it did not establish that it either held an interest in the property as required by OCGA § 48-4-40 or was a creditor of the defendant in fi. fa. at the time of the attempted redemption as required by OCGA § 48-4-41. Therefore, according to the trial court, the redemption of the property was void and thus could not support claims for money rule, mandamus, and other relief. DRST Holdings appeals from the trial court's order.

1. DRST Holdings first contends that the trial court should have granted the motion to strike the unverified answer and issued a rule absolute. The trial court held that since the petition was not verified, then the answer need not be either. DRST Holdings replies that OCGA § 15-13-5 creates a statutory duty requiring Sheriff Brown to file a verified answer even if the petition is not verified. However, whether or not Sheriff Brown was required to file a verified answer, it is undisputed that he ultimately submitted verification of the answer. "It is well settled that the failure to verify a pleading is an amendable defect. [Cits.] The trial court did not err in denying [the] motion to strike the answer." *Janet Ricker Builder v. Gardner*, 244

Ga. App. 753, 755 (1) (536 SE2d 777) (2000).

2. DRST Holdings next contends that the trial court erred in holding that it was not a party entitled to redeem the real property from the tax sale. In Georgia, only certain persons are authorized to redeem property from a tax sale. OCGA § 48-4-40 authorizes redemption by "the defendant in fi. fa. or any person having any right, title, or interest in or lien upon such property. . . ." OCGA § 48-4-41 authorizes redemption by "a creditor of the defendant in fi. fa. who has no lien. . . ." DRST Holdings claims that it qualifies as a redeemer under either of the statutes quoted above due to the purported assignment of a homeowners association lien against the property and the underlying indebtedness.

At the time of the tax sale, Mainstreet Homeowners Association had recorded a lien against the property for unpaid HOA dues. In October 2005, DRST Holdings entered into an oral agreement with the Association to buy both the HOA lien and the underlying indebtedness. However, "[a]ny contract for sale of lands, or any interest in, or concerning lands" "must be in writing and signed by the party to be charged therewith." OCGA § 13-5-30 (4). Although DRST Holdings asserts that it sent a written confirmation of the agreement to the Association immediately after conclusion of the oral discussions, this confirmation was not signed by the Association as required by OCGA § 13-5-30, and DRST Holdings has not presented any other written agreement of assignment with the requisite signature. In fact, the record shows that the Board of Directors for the Association was not presented with the assignment agreement for approval until February 16, 2010, more than four years after the tax sale and the attempted redemption. DRST Holdings asserts that our case law allows a party to redeem even if the assignment agreement creating the party's interest in the real property is not finalized until after the tax sale. See *Leathers v. McClain*, 255 Ga. 378, 379 (338 SE2d 666) (1986) ("[L]ienholders . . . are not barred from the right of redemption by reason of having acquired their interest subsequent to the tax sale."). However, in the present case, DRST Holdings seeks to enforce a redemption supported by an assignment agreement finalized not only after the tax sale but also after the date of redemption. If this were permitted, then the statutes cited above requiring a redeemer to hold an interest in the property or to be a creditor of the defendant in fi. fa. would be rendered nugatory as anyone could redeem the property and only subsequently, even years later as in the present case, become qualified as a redeemer. Therefore, we decline to extend *Leathers v. McClain* and hold that a party must have the requisite interest in the land or be a creditor of the defendant in fi. fa. at the time of redemption.

As DRST Holdings has not presented an agreement to take assignment of the HOA lien and its underlying indebtedness that was enforceable on October 28, 2005, the time of the alleged redemption, it cannot establish that it held an interest in the real property or that it was a creditor of the defendant in fi. fa. so as to satisfy the requirements for redemption pursuant to OCGA §§ 48-4-40 and 48-4-41. Therefore, the redemption by DRST Holdings of the real property is void, and the excess funds from the tax sale were properly paid to the authorized representative of Ms. Hardy's estate.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*C. Terry Blanton*, for appellant.
*Sam L. Brannen, Jr.*, for appellee.