**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 20, 2017**

# In the Court of Appeals of Georgia

A17A1081. POSTELL v. TRINITEC PORTFOLIO SERVICES, LLC.

ANDREWS, Judge.

The appellee, Trinitec Portfolio Services, LLC, commenced this action seeking, inter alia, a first priority lien on property it had redeemed following a tax sale and the right to pursue a judicial foreclosure to satisfy its lien. The appellant, Crandall Postell, who acquired an interest in the subject property from the owners, was allowed to intervene. Following the trial court's grant of summary judgment for Trinitec, Postell appeals.

On January 6, 2015, Bay Point Capital Partners, L.P., purchased a tax deed to a Houston County residence owned by Alvin and Laura Daniels. The tax lien on the property was only $7,433.55, but Bay Point paid $145,000 for the tax deed. In

February 2015, Trinitec acquired a $1,525.81 lien against the property held by the homeowners' association, and on March 15, 2015, Trinitec redeemed the property by paying Bay Point $174,000, the redemption amount required by OCGA § 48-4-42. Bay Point in turn executed a quitclaim deed of redemption to the Daniels, indicating Trinitec as lienholder and creditor. On March 27, 2015, before commencing this action, Trinitec asserted a claim with the Houston County tax commissioner for the $137,566.45 in excess tax sale funds, and on April 9, 2015, the tax commissioner paid Trinitec as requested.

1. Postell contends the trial court erred in granting summary judgment for Trinitec, because Trinitec failed to prove it possessed an interest in the property that authorized it to redeem it. We agree.

"In Georgia, only certain persons are authorized to redeem property from a tax sale. OCGA § 48-4-40 authorizes redemption by the defendant in fi. fa. or any person having any right, title, or interest in or lien upon such property. OCGA § 48-4-41 authorizes redemption by a creditor of the defendant in fi. fa. who has no lien." (Punctuation omitted.) *DRST Holdings, Ltd. v. Brown*, 290 Ga. 317, 318 (2) (720 SE2d 626) (2012). In order to show it possessed a property interest that authorized

2

its redemption of the property, Trinitec relied upon a homeowners' association's assignment of a lien for unpaid association dues that it acquired in February 2015.

However, that assignment identifies the property owners as Alvin and Laura Davis, not Alvin and Laura Daniels. The assignment references the lien book and page number where the lien was previously recorded in 2011, and that earlier recorded lien does identify the Daniels as the owners of the property. Presumably, the February 2015 assignment actually pertains to the Daniels property instead of a Davis property. But we are unable to hold that Trinitec was entitled to summary judgment based on that assignment alone, as all ambiguities and doubts must be resolved against the movant and in favor of the party opposing the motion. *Kirk v. Ashley*, 199 Ga. App. 805, 807 (3) (406 SE2d 82) (1991).

Postell also contends Trinitec's proof of its payment to Bay Point to redeem the property was not conclusive and did not support summary judgment that Trinitec had lawfully redeemed the property. To show that it actually paid $174,000 to redeem the property so as to give rise to its first priority lien against the property, Trinitec submitted a Chase Bank Wire Transfer Outgoing Request form dated March 5, 2015. Nothing on the form indicates the transfer actually was accomplished, however, and when Trinitec had the opportunity to add certainty to the issue of payment by

answering Postell's interrogatory about the amount and form of payment Trinitec paid Bay Point, Trinitec objected to the interrogatory on the ground it was vague and ambiguous. Nevertheless, the record also contains the quitclaim deed of redemption executed by Bay Point, which does clearly indicate Trinitec paid the redemption price as fixed by Georgia law. For that reason, Postell's contention regarding the lack of proof of payment of the redemption price is without merit.

2. In granting summary judgment for Trinitec, the trial court found Trinitec's property interest existed at the time of the tax sale and that Trinitec had properly redeemed the property. In holding Trinitec was entitled "to their first priority lien status and the remaining amount owed on its first priority lien as well as the right to foreclose on the subject property to satisfy such lien," the trial court in part relied upon *United Capital Financial of Atlanta, LLC v. American Investment Assoc.,* 302 Ga. App. 400 (691 SE2d 272) (2010), in which this Court held that a redeeming creditor could both redeem the property and receive excess tax sale funds to apply towards the priority lien created by the redemption.

However, in *DLT List v. M7Ven Supportive Housing & Dev. Group*, 335 Ga. App. 318, 323 (779 SE2d 436) (2015), we disapproved of that ruling in *United Capital Financial* and clarified that a redeeming creditor could only make a claim

4

against the excess tax sale funds for the amount of the pre-tax sale lien that gave it the right to redeem. "It is the redemption price, however, that would not be recoverable from the excess and would be the first priority lien . . . against the property going forward." Id. at 323-324. In the instant case, as Trinitec has already obtained the excess tax sale funds based on its asserted lien resulting from the redemption of the property, it was allowed to do what was specifically prohibited in *DLT List*.

In the event Trinitec is subsequently able to resolve the issue regarding the February 2015 assignment in its favor, the trial court must also re-evaluate its ruling in light of our holding in *DLT List*.

3. Postell's other enumerations of error, which are not supported by citation of authority, are deemed abandoned. Court of Appeals Rule 25 (c) (2).

*Judgment reversed. Ellington, P. J., and Rickman, J., concur.*