**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 25, 2023**

# In the Court of Appeals of Georgia

A23A0491.  BALL-RODRIQUEZ  et  al.  v.  PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS.

DOYLE, Presiding Judge.

In this action to recover proceeds under an automobile insurance policy, Francisco Ball-Rodriquez and William Stephens (the "Appellants") appeal from the trial court's grant of summary judgment in favor of Progressive Premier Insurance Company of Illinois. The trial court found that, because Stephens never tendered his initial insurance premium and Progressive later voided the insurance policy, there was a lack of consideration between Stephens and Progressive and the policy was void from its inception. For the reasons set forth infra, we affirm.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences and conclusions drawn from it in the light most favorable to the nonmovant.[1]

So viewed, the record shows the following. On December 26, 2019, Stephens completed an application for automobile insurance with Progressive. Stephens provided his bank account information to pay the initial premium of $116.03 and all future monthly premiums. The agreement provided that:

> If I [Stephens] make my initial payment by electronic funds transfer, check, draft, or other remittance, the coverage afforded under this policy is conditioned on payment to [Progressive] by the financial institution. If the transfer, check, draft, or other remittance is not honored by the financial institution, [Progressive] shall be deemed not to have accepted the payment and this policy may be void.

The policy later sent to Stephens further provided:

> If your [Stephens's] initial premium is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to us [Progressive] by the financial institution. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy

---

[1] (Citations and punctuation omitted.) *Humphrey v. JP Morgan Chase Bank, N.A.*, 337 Ga. App. 331 (1) (787 SE2d 303) (2016).

may, at our option, be deemed void from its inception. This means we will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by us to present the remittance for payment more than once shall not affect our right to void this policy.[2]

Progressive attempted to draft the initial premium payment, but Stephens's bank dishonored the draft. On January 3, 2020, Progressive sent Stephens a notice informing him that his initial payment had been returned unpaid and that Progressive had added the amount to his next monthly premium. A Progressive employee attested that, on January 6, Progressive called Stephens and left him a message that he needed to make an initial payment by January 12, 2020 for there to be coverage under the policy. On January 7, Progressive sent Stephens another letter advising him that he needed to make a payment by January 12. The letter instructed Stephens to disregard all payment schedules until he made this initial payment. Finally, on January 14, Progressive sent Stephens a rescission notice, stating that Progressive had rescinded his policy as of the date the policy started, December 26, 2019. The notice also informed Stephens that, as a result of the rescission, Stephens "did not have insurance

---

[2] (Emphasis omitted.)

3

coverage at any time under [the] policy." Stephens never made any payments under the policy.

Ball-Rodriquez filed a complaint for damages against Stephens in June 2020. The complaint alleged that, on January 3, 2020, Ball-Rodriquez was a pedestrian when Stephens struck Ball-Rodriquez with Stephens's vehicle. Stephens failed to respond, and the trial court entered a default judgment against him.

In May 2021, Ball-Rodriquez filed the instant lawsuit against Progressive and Stephens. Ball-Rodriquez alleged that he was a judgment creditor of Stephens. Ball-Rodriquez also contended that, at the time of the collision, Stephens was insured by Progressive and thus Ball-Rodriquez could collect under the policy. Stephens filed a cross-claim against Progressive asserting a claim for bad faith.

Progressive filed a motion for summary judgment, which the trial court granted. This appeal from Stephens and Ball-Rodriquez, the Appellants, followed.

On appeal, the Appellants argue that the trial court erred in finding a lack of consideration that voided the insurance policy from its inception. They argue that Progressive waived its right to rescind the policy by seeking to collect the overdue premium. They also argue that Stephens's contribution of his personal data and his implied promise to pay the premium constituted consideration for the contract.

4

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms."[3] Consideration is an essential element of a contract,[4] and "total failure of consideration renders the [contract] null and void."[5] If a provision of an insurance contract is ambiguous, we apply the normal rules of contract construction, which include construing the contract strictly against the insurer/drafter and in favor of the insured.[6] Additionally, we construe insurance contracts "liberally to provide coverage and avoid forfeitures."[7]

In this case, Stephens failed to make the initial premium payment. By the plain terms of the insurance application agreement and policy, that failure rendered the policy voidable from its inception. Progressive subsequently exercised its option to void the contract after giving Stephens an additional chance to pay the premium. And,

---

[3] (Citations and punctuation omitted.) *Western Pacific Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 676 (1) (601 SE2d 363) (2004).

[4] See OCGA § 13-3-1.

[5] (Citations and punctuation omitted.) *Estate of Ryan v. Shuman*, 288 Ga. App. 868, 872 (1) (655 SE2d 644) (2007).

[6] See *Western Pacific*, 267 Ga. App. at 676 (1).

[7] (Citation and punctuation omitted.) *Grange Mut. Cas. Co. v. Snipes*, 298 Ga. App. 405, 408 (2) (680 SE2d 438) (2009).

5

as Stephens never made any payment on the policy, there was no consideration between the parties.[8]

The Appellants contend that Stephens's personal data constituted consideration for the agreement, but that was not intended nor contemplated by the insurance agreement.[9] Nor was the dishonored check a promise to pay the premium.[10] Finally, Progressive did not waive its right to void the contract because such a waiver must be "clear and unmistakable."[11] As the Supreme Court of Georgia has stated, "an

---

[8] See *McDuffie v. Criterion Cas. Co.*, 214 Ga. App. 818, 821 (449 SE2d 133) (1994) (holding that a dishonored check submitted as payment for an insurance binder resulted in a lack of consideration); see also *Estate of Ryan*, 288 Ga. App. at 872 (failure to make any payment under a lease resulted in a lack of consideration).

[9] See OCGA § 13-2-3 ("The cardinal rule of construction is to ascertain the intention of the parties.").

[10] Compare *Morgan v. Ga. Gen. Ins. Co.*, 210 Ga. App. 614, 615 (436 SE2d 782) (1993) (holding that an issue of fact existed as to whether there was a binding insurance contract despite nonpayment of the premium because the plaintiff marked the finance option on the renewal agreement); see also id. ("Unlike a bad check, a promise to make one or more payments in the future clearly is valid consideration which will support a contract.").

[11] (Citations and punctuation omitted.) *Vratsinas Constr. Co. v. Triad Drywall, LLC*, 321 Ga. App. 451, 454 (1) (739 SE2d 493) (2013).

insurance company should not suffer a penalty for giving the insured a second chance to have the payment collected before voiding the policy."[12]

For these reasons, we affirm the trial court's grant of summary judgment in favor of Progressive.

*Judgment affirmed. Barnes, P. J., and Land, J. concur.*

---

[12] *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837, 840 (3) (413 SE2d 430) (1992).