## 34445. MAYER v. INTERSTATE FIRE INSURANCE COMPANY.

HALL, Justice.

Plaintiff-appellant filed suit on the balance due on a surety bond and propounded interrogatories to the defendant-appellee. The defendant corporation answered through one "Marbut," who was an agent of the corporation at the time of the issuance of the surety bond but who resigned before answering the interrogatories. The plaintiff filed a motion to strike defendant's answers and asked "that the court apply sanctions as provided by law." The trial court sustained the motion, struck defendant's answers and entered a default judgment against the defendant.

On appeal, the Court of Appeals held that Marbut was not an agent and could not answer the interrogatories (Division 1) but that the trial court erred in entering a default judgment (Division 3). The Court of Appeals reasoned that a non-specific request for sanctions was insufficient to authorize the trial court to impose the drastic penalty of default, citing *Johnson v. Martin,* 137 Ga. App. 312 (1) (223 SE2d 465) (1976). We express no opinion upon the validity of Division 1. We granted certiorari to consider Division 3, regarding the proper means of requesting sanctions under Code Ann. § 81A-137. We disagree with the Court of Appeals and find that a motion for a specific sanction is not required before a trial judge is authorized to give that sanction. We also find, for a different reason than the Court of Appeals, that a sanction was not properly sought in this case. The judgment of the Court of Appeals is therefore affirmed on another ground.

1. The issue is whether on a motion filed under Code

Ann. § 81A-137 which prays ". . . that the court apply sanctions as provided by law . . ." for the failure of a party to answer interrogatories, the trial court is authorized to impose the sanction of entering a default judgment.

No technical forms of pleadings or motions are required under the Civil Practice Act. Code Ann. § 81A-108 (e) (1). A motion to apply "sanctions as provided by law" vests discretion in the trial court in which the action is pending to "make such orders in regard to the failure [to answer interrogatories] as are just." Code Ann. § 81A-137 (b) (2) and (d). Although it may be "better practice" to request a specific sanction, it is not necessary to do so. Agnor, Use of Discovery under Georgia CPA § 15-41, Comment, p. 412 (2d Ed. 1974).

It is true that in the past both the trial courts and the appellate courts on review have been extremely reluctant to impose sanctions. However, the 1972 amendments to the CPA are intended to encourage more frequent imposition of sanctions in cases in which there has been an abuse of the discovery rules. These same changes were implemented in 1970 amendments to the Federal Rules of Civil Procedure. In explaining the changes made to Federal Rule 37(d), it has been said: "Until 1970 the rule applied only if a failure by a party was willful. This limitation has been eliminated. In addition the rule now says, as Rule 37(b)(2) always has said, that the court is to make 'such orders with regard to the failure as are just.' Taken together these two changes mean that any failure of the sort described in Rule 37(d) permits invocation of the Rule, regardless of the reason for the failure, but that the court has discretion about the sanction to be imposed. The presence or absence of willfulness remains relevant in the choice of sanction." 8 Wright & Miller, Federal Practice and Procedure 811-812, § 2291 (1970). See also 4A Moore's Federal Practice 37-95, § 37.05 (1978).

2. Division 1 establishes that a non-specific request for sanctions to punish failure to respond to inter-rogatories is permissible under Code Ann. § 81A-137. But the total disregard for and noncompliance with discovery procedures punishable under subsection (d) did not occur in this case. Sanctions could not properly be imposed under Rule 37(d).

Rule 37 deals with the consequences of a failure to permit discovery. Rule 37(a) authorizes a party to seek a court order compelling discovery. Rule 37(b) gives a trial court a range of sanctions to be imposed when a 37(a) order is violated. Rule 37(d) permits the sanctions of 37(b) to be imposed immediately against a party for certain failures to act. Rule 37 was amended in 1972 in order to bring it into conformity with the federal rule. The operation of the federal rule has been succinctly explained: "The general scheme of the rule is that ordinarily sanctions can be applied only for a failure to comply with an order of the court. Thus when the discovery procedure itself requires a court order, as in Rule 35, or permits an order, as on denial of a motion for a protective order, under Rule 26(c), failure to obey the order can be punished immediately by any of the sanctions listed in Rule 37(b). When the discovery procedure is initially set in motion by the parties themselves without court order, the party seeking discovery must first obtain an order under Rule 37(a) requiring the recalcitrant party or witness to make the discovery sought; it is only a violation of this order that is punishable under Rule 37(b). *The only exceptions to this scheme are Rule 37(d), which permits an immediate sanction against a party for a complete failure to respond to a notice of deposition, interrogatories, or a request for inspection,* and Rule 37(c), which authorizes imposition of expenses for an unjustified failure to admit under Rule 36." (Emphasis supplied.) 8 Wright & Miller, Federal Practice and Procedure, Civil § 2282, p. 757 (1970 Ed.).

In the case of interrogatories, the discovering party first serves the questions. Code Ann. § 81A-133 (a). The other party must either respond or seek a protective order under Code Ann. § 81A-126 (c). If the party responds by serving answers, the discovering party must decide whether to accept the response or to move the court to compel discovery under Rule 37(a). At a hearing on this motion, the trial court may resolve any issues about the adequacy of the answers and the validity of the objections to them. If the answers are inadequate, the trial court may order more explicit answers. If this order is violated, Rule

37(b) lists the sanctions which may be imposed by the trial court on motion by the non-offending party. *Savannah Surety Associates v. Master,* 240 Ga. 438 (241 SE2d 192) (1978), describes this procedure. See 4A Moore's Federal Practice, ¶ 37.05 (2d Ed.).

This system is designed to operate as efficiently as possible with minimal participation by the trial court. Such a system demands that the party who receives interrogatories either serve answers or objections on the discovering party. This duty is made explicit by Rule 37(d). A party properly served has an absolute duty to respond; the court may enforce this duty by imposing sanctions for its violation. Those sanctions are generally those of Rule 37(b). As one commentator has stated, "Rule 37(d) deals, then, with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determination. Thus there must be an order under subdivision (a) before sanctions are imposed under (b), while under (d) the party aggrieved moves directly for the imposition of sanctions." 4A Moore's Federal Practice, ¶ 37.05, p. 37-90 (2d Ed.).

The authorization of immediate sanctions under Rule 37(d) has been construed to apply to nothing "less than a serious or total failure to respond to interrogatories." Halverson v. Campbell Soup Co., 374 F2d 810, 812, n. 2 (C.A. 7th, 1967). See Fox v. Studebaker-Worthington, 516 F2d 989, 995 (8th Cir. 1975). Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37(d) and would subject a party to immediate sanctions. On the other hand, answering partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by a 37(a) motion to compel discovery and is resolved through an order to compel answers or a protective order. To prevent either party from frivolously propounding questions or giving evasive answers, the trial court must require the losing party of the 37(a) battle to pay the expenses involved in obtaining the order, including attorney fees, "unless the court feels that opposition to the motion was substantially justified" or otherwise excused. Code Ann. § 81A-137 (a) (4). See 8

Wright & Miller, Federal Practice and Procedure: Civil § 2291, pp. 809-810.

In this case, the defendant answered the interrogatories, thereby making the initial response required by Rule 37(d).[1] The dispute over Marbut's qualifications, to speak as an agent of the corporation should have been resolved during a hearing on a motion under 37(a) to compel discovery. Upon finding that Marbut was not qualified, the court could have issued an order to the corporation to compel an agent to answer or adopt Marbut's answers. Instead, the trial court struck the defendant's response and entered a default judgment, treating defendant's inadequate answers as a total failure under 37(d) to make the initial response required by the rules.

Thus, the defendant, who attempted to respond to interrogatories, was adjudged to have failed and then suffered entry of default for the failure in the same hearing. Since Rule 37(d) is intended to enforce the duty to respond to interrogatories and since a response was made here, the imposition of sanctions under Rule 37 (d) was error.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 5, 1979.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr.,*

---

[1]Rule 37(a)(3) seems to be authority for treating an evasive answer as a total failure to answer. However, the applicability of that section is confusing and renders the Act inconsistent with the Federal Rules. The Civil Practice Act was amended in 1972 to bring it into conformity with the Federal Rules. Federal Rule 37(a)(3) states, "For the purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer," and is interpreted to mean that a trial court may order a complete answer under 37(a) if an evasive one were given just as he may order an answer where none was given. An evasive answer does not authorize the entry of 37(d) penalties. 4A Moore's Federal Practice, ¶ 37.02[5].

for appellant.

*White & Jewett, C. Lawrence Jewett,* for appellee.