74331. BRYANT v. NATIONWIDE INSURANCE COMPANY.
(359 SE2d 441)

Pope, Judge.

Appellant Lenard Bryant filed suit on November 8, 1985 against appellee Nationwide for failure to honor a claim for a loss incurred November 11, 1984 as a result of a break-in and theft in the place of his business, which was insured under a policy issued by Nationwide. During discovery pending trial, Nationwide took Bryant's deposition and propounded a request for production of documents in March of 1986. Bryant submitted cash account records for each day for several months preceding and following the burglary. On April 23, 1986 Nationwide served Bryant interrogatories and a second request for production of documents, indicating by cover letter to his attorney that the "shift change cash count forms" for the days of November 10 and 11, 1985, the time of the burglary, were missing and that Bryant had stated during his deposition that he had these forms and would provide copies. After Bryant failed to respond to the interrogatories and the second request to produce documents, another letter was sent to his attorney dated July 16, 1986 in a "good faith attempt to resolve this discovery dispute." Bryant was also advised by this letter that Nationwide would not pay any more of his $6,000 claim than what he could "document in the way of receipts and proof."

When no response or objection was received, Nationwide on August 14, 1986 moved to dismiss Bryant's complaint for failure to answer the interrogatories and discovery request. Bryant filed a response to the motion contending that the interrogatories did not seek any information pertinent or relevant to the subject matter of the suit, that during the period his responses to the interrogatories were due the parties were engaged in negotiating a settlement, and that all the questions that were asked in the interrogatories had been answered in his deposition. He requested that the motion be denied and offered at that time to respond "fully and completely to the interrogatories as it now appears that the case will not settle and notwithstanding the fact that [Nationwide] has the information sought." The trial judge granted the motion to dismiss with prejudice and Bryant appeals.

Since Bryant's deposition is not in the record on appeal, we are unable to determine whether or not the information sought in Nationwide's interrogatories was provided in the deposition. Nor does it appear from the record that the essential cash count forms of November 10 and 11, 1985, were ever provided. Nationwide denies that any

settlement was being negotiated and again there is nothing in the record to indicate otherwise. Nevertheless, Bryant insists that the dismissal of his suit was too severe a sanction to be imposed under the circumstances, and that the trial court abused its discretion in doing so because OCGA § 9-11-37 (b) (2) allows a dismissal of the complaint only after a failure to comply with a motion to compel.

However, OCGA § 9-11-37 (d) (1) provides that "[i]f a party . . . fails to serve answers or objections to interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section." Under OCGA § 9-11-37 (b) (2) (C) the court may dismiss the action or proceeding or any part thereof, or render a default judgment against the disobedient party. Thus, the failure of a party either to respond to interrogatories or to seek a protective order authorizes the imposition of immediate sanctions without the preliminary necessity of an order to compel. *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (2) (343 SE2d 749) (1986). Compare *Joel v. Duet Holdings*, 181 Ga. App. 705, 706-07 (353 SE2d 548) (1987). See also *Smith v. Nat. Bank of Ga.*, 182 Ga. App. 55 (2) (354 SE2d 678) (1987). Once a motion for sanctions has been filed, their imposition cannot be precluded by a belated response made by the opposite party. *Vlasz v. Schweikhardt*, supra at 516.

The question, then, is whether the trial court abused its broad discretion in imposing this sanction. *Carey Canada, Inc. v. Hinely*, 181 Ga. App. 364 (3) (352 SE2d 398) (1986), rev'd on other grounds, 257 Ga. 150 (356 SE2d 202) (1987). "The authorization of immediate sanctions under [OCGA § 9-11-37 (d)] has been construed to apply to nothing 'less than a serious or total failure to respond to interrogatories.' [Cits.] Thus, a *total* failure to serve answers or objections would constitute a failure to respond under 37 (d) and would subject a party to immediate sanctions." *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 439 (254 SE2d 825) (1979). "Under the circumstances of this case, the trial court was authorized by OCGA §§ 9-11-37 (b) (2) (C) and 9-11-37 (d) (1) to dismiss [Bryant's] complaint based upon [his] total failure to answer or to properly object. [Cits.] Under the discovery provisions of the Civil Practice Act, the trial [court] is granted broad discretion. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of such discretion in absence of abuse. [Cits.] We find no abuse of the trial court's discretion." *Tompkins v. McMickle*, 172 Ga. App. 62, 64 (321 SE2d 797) (1984).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

Decided July 7, 1987.

R. David Ware, for appellant.
William D. Strickland, for appellee.