## A92A1547. ROGERS v. SHARPE et al.

(425 SE2d 391)

SOGNIER, Chief Judge.

Jimmy Rogers filed this pro se action against various state prison officials asserting a claim for personal injury arising from an allegedly hazardous condition at a prison that the defendants negligently or wantonly failed to correct. The trial court granted the defendants' motion to dismiss on the ground of official immunity, and Rogers appeals.

1. The trial court held that the negligent acts alleged in the complaint were discretionary activities and thus appellees were entitled to the defense of official immunity. See *Hennessy v. Webb*, 245 Ga. 329 (264 SE2d 878) (1980). Appellant contends the question whether the acts were discretionary or ministerial is irrelevant because appellees waived their immunity to the extent of the liability coverage provided to them by the Department of Corrections. See *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990). We agree and reverse.

Prior to a 1991 amendment, the Georgia Constitution provided that sovereign immunity of the State and its agencies and employees was waived to the extent of available liability insurance coverage. Ga. Const., Art. I, Sec. II, Par. IX (1983); see *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301-303 (2) (357 SE2d 569) (1987). In response to appellant's requests for admission, appellees admitted that on the date of appellant's injury they "were afforded insurance coverage as employees of the [Department of Corrections] under DOAS FY91 State Employee Liability Policy." Contrary to appellees' contentions, the former insurance waiver provision of the Constitution, not the 1991 amendment, applies because appellant's claim arose on August 23, 1990, prior to the January 1, 1991 effective date of the 1991 amendment. *Curtis v. Bd. of Regents*, 262 Ga. 226 (416 SE2d 510) (1992). Accordingly, appellees' immunity was waived to the extent their insurance covers appellant's claim, *Martin*, supra, and this waiver was not withdrawn by the passage of the 1991 constitutional amendment. *Curtis*, supra at 228.

2. Appellant also contends the trial court erred in an earlier order by denying his motion for sanctions for appellees' failure to respond to his request for production of documents or to produce the documents in response to his motion to compel. In an order entered on December 19, 1991, the trial court denied appellant's motion to compel on the ground that appellees complied with the discovery before the hearing scheduled on the motion and denied his motion for sanctions on the basis that as a pro se litigant he had not incurred any fees or expenses.

The record reveals that appellant served a request for production of documents upon appellees on May 18, 1991, a motion to compel on

June 24, and a motion for sanctions on October 31. Appellees did not respond to the document production request until December 13, five days prior to the scheduled hearing on appellant's motions. OCGA § 9-11-37 (d) (1) authorizes the imposition of sanctions for the failure of a party to respond to a request for production of documents, and sanctions may be entered under this provision without the prior filing of a motion to compel. *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987). As appellant correctly notes, " '[o]nce a motion for sanctions has been *filed*, their imposition cannot be precluded by a belated response made by the opposite party. (Cit.)' [Cit.]" *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (3) (384 SE2d 202) (1989). Since appellees totally failed either to respond to appellant's discovery request for seven months or to seek a protective order before appellant moved for sanctions, he was entitled to consideration of his motion. See id. Further, given that OCGA § 9-11-37 (d) (1) provides the trial court with a number of alternatives for sanctions in addition to attorney fees and expenses (see OCGA § 9-11-37 (b) (2) (A) — (C)), we vacate the order denying appellant's motion for sanctions and thus remand this action for consideration of appropriate sanctions.

*Judgment reversed in part; vacated and remanded in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1992.

Jimmy Rogers, *pro se.*

Michael J. Bowers, *Attorney General*, John C. Jones, Daryl A. Robinson, *Senior Assistant Attorneys General*, for appellees.