A93A0102. KEMIRA, INC. v. AMORY et al.

(435 SE2d 236)

Andrews, Judge.

Lester Roy Amory sued Kemira, Inc. alleging he suffered personal injury and other damages as a result of exposure to toxic gas released into the atmosphere by Kemira on December 29, 1989. Mr. Armory's wife, Mary Jean Amory, was joined as a plaintiff in the action to bring her loss of consortium claim. Kemira appeals claiming the trial court erred by eliminating certain defenses interposed by Kemira in its answer as a sanction for failing to timely respond to discovery, and by granting summary judgment as to liability in favor of the plaintiffs.

The complaint was filed on January 16, 1991 along with plaintiffs' first request for admissions. Kemira filed timely answers to the complaint and the requests for admissions. On May 8, 1991, plaintiffs filed and served Kemira by mail with a second set of requests for admissions, requests for production of documents, and interrogatories. Kemira filed timely responses to the second requests for admissions, but failed to timely respond to the requests for production and interrogatories. Two days after the responses were due, plaintiffs filed a motion pursuant to OCGA § 9-11-37 (a) seeking an order to compel discovery. The trial court granted the motion, and entered an order on July 1, 1991 requiring Kemira to file responses by July 11, 1991, within ten days of the order. On July 11, 1991, Kemira filed partial responses to the requests for production, and a motion seeking to have the July 1 order set aside. On the morning of July 12, 1991 at 8:20 a.m., plaintiffs filed a motion for sanctions which recited Kemira's failure to comply with the July 1 order, and its failure to respond to interrogatories, and requested that the trial court strike Kemira's defensive pleadings and enter a default judgment in favor of plaintiffs. Later in the day of July 12, a few hours after the motion for sanctions was filed, Kemira filed responses to all interrogatories.

On August 5, 1991, the trial court heard argument on Kemira's motion to set aside the July 1 order compelling discovery, and on plaintiffs' motion for sanctions. Although Kemira attempted to pre-

sent testimony from a company official explaining the circumstances of its failure to file timely responses to the interrogatories, the trial court directed that it submit such testimony by affidavit subsequent to the hearing. Kemira subsequently filed an affidavit in response to the motion for sanctions. The affidavit, given by an officer of Kemira in charge of the pending litigation, stated that although the company had started and continued working on responses to the interrogatories when they were received by the company on May 15, 1991, because of various unavoidable and unforeseeable circumstances, it had been unable to timely respond to the interrogatories. The affidavit stated that the complex and comprehensive requests required contact and cooperation with numerous officials and managers in the company, and provided evidence of unavoidable delays in contacting and obtaining information from key personnel necessary to complete the responses because of serious illness in one instance, and the extended absence of other officials either out of the country or on vacation during the period for responses. The affidavit claims that a combination of these factors, not a conscious or intentional refusal to act, were the reasons for the delayed responses.

On August 21, 1991, the trial court entered an order granting Kemira's motion to set aside, and vacating the July 1 order compelling discovery. The order reserved ruling on plaintiffs' motion for sanctions. On September 27, 1991, the trial court held a second hearing on the plaintiffs' motion for sanctions, and heard additional argument that the trial court should impose the requested sanctions under OCGA § 9-11-37 (d) because Kemira had totally failed to file any timely response to the interrogatories, and the belated interrogatory responses filed by Kemira on July 12, several hours after plaintiffs' motion for sanctions was filed, were too late to prevent the imposition of sanctions. At the September 27 hearing, the trial court also heard testimony from the Kemira official in charge of gathering and providing the information necessary to respond to discovery requests, and who had previously filed the above referenced affidavit. The official additionally explained that managerial changes at the company, removal of documents pursuant to a federal environmental inspection, and his own personal family problems caused delays in gathering the information for responses. On October 28, 1991, the trial court entered an order pursuant to OCGA § 9-11-37 (d) concluding there was a total failure by Kemira to file timely answers to interrogatories, and that the failure was conscious and intentional. On this basis, the trial court barred Kemira pursuant to OCGA § 9-11-37 (b) (2) (B) from asserting or supporting its stated "Second Defense" (lack of proximate cause), and "Third Defense" (negligence defenses) as set forth in its answer to the complaint, which constituted Kemira's main defenses to plaintiffs' complaint for damages. Ultimately, plaintiffs

moved for and were granted partial summary judgment as to liability largely because Kemira was unable to assert these defenses.

1. Plaintiffs first moved to compel discovery under the two-step procedure of OCGA § 9-11-37 (a) and (b), obtaining an order compelling Kemira to respond by July 11, 1991, and then moving for sanctions on July 12, after Kemira failed to file any answers to interrogatories and comply with the order. However, the July 11 deadline in the order, and plaintiffs' motion for sanctions under subsection (b) for failure to comply with the order, became moot when the trial court vacated its July 1 order compelling discovery. Nevertheless, the trial court was authorized to consider whether the sanctions requested in the July 12 motion should be imposed under OCGA § 9-11-37 (d) based on Kemira's total failure to file timely responses to interrogatories. Even though the motion for sanctions filed on July 12 did not specifically request imposition of sanctions pursuant to OCGA § 9-11-37 (d), it recited the failure of Kemira to respond to interrogatories, and requested the sanction of striking defensive pleadings and entry of a default judgment under OCGA § 9-11-37. "[A] motion for a specific sanction is not required before a trial judge is authorized to give that sanction. . . . No technical forms of pleadings or motions are required under the Civil Practice Act. A motion to apply sanctions as provided by law vests discretion in the trial court in which the action is pending to make such orders in regard to the failure to answer interrogatories as are just. Although it may be better practice to request a specific sanction, it is not necessary to do so." *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 437 (254 SE2d 825) (1979). (Citations and punctuation omitted.) All that was required procedurally to impose sanctions under OCGA § 9-11-37 (d) was a motion, notice and a hearing. *Stolle v. State Farm Mut. &c. Ins. Co.*, 206 Ga. App. 235, 237 (424 SE2d 807) (1992); *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981).

The record reflects that the parties appeared at two hearings on the motion for sanctions. "OCGA § 9-11-37 (d) (1) authorizes the imposition of sanctions for the failure of a party to respond to [interrogatories], and sanctions may be entered under this provision without the prior filing of a motion to compel. [Cit.]" *Rogers v. Sharpe*, 206 Ga. App. 353, 354 (425 SE2d 391) (1992). Moreover, once a motion for sanctions is filed, their imposition cannot be precluded by subsequently filing responses to the interrogatories. Id. at 354; *Merrill Lynch &c., Inc. v. Echols*, 138 Ga. App. 593, 595 (226 SE2d 742) (1976). Since Kemira failed to file a timely response to interrogatories, or seek a protective order, or an extension of time, before plaintiffs moved for sanctions, the trial court was authorized to consider the imposition of sanctions under OCGA § 9-11-37 (d). *Sharpe*, supra at 354; *Singleton v. Eastern Carriers*, 192 Ga. App. 227, 228 (384

SE2d 202) (1989).

Under OCGA § 9-11-37 (d) (1), the failure to serve answers to interrogatories authorizes the court to "make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) through (b) (2) (C) of this Code section." The authorization for immediate sanctions under OCGA § 9-11-37 (d) applies where there has been " 'a serious or total failure to respond to interrogatories.' " *Mayer*, supra at 439. (Citations omitted.) "The immediate sanctions authorized under subsection (d) should be applied only in the most flagrant cases — where the failure of discovery is clear." Agnor, Georgia Civil Discovery (rev. ed. 1991), § 16-13. Though granted a very broad discretion in applying sanctions to enforce compliance with the discovery provisions of the Civil Practice Act, as a general rule, the trial court should attempt to compel compliance through use of lesser sanctions than imposition of drastic measures available under OCGA § 9-11-37 (d). See *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369 (408 SE2d 160) (1991). A failure to make any timely response to interrogatories authorizes the invocation of sanctions under subsection (d), regardless of the reason for the failure. *Mayer*, supra at 437. However, in determining the particular sanctions to be imposed, this discretion is not without limits. Id. Where the trial court exercises its discretion under subsection (d) to strike or bar the support of defenses in a manner that has the effect of establishing liability in the case, such harsh sanctions should be utilized only in cases of " 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.' " *Smith v. Mullinax*, 122 Ga. App. 833, 834-835 (178 SE2d 909) (1970); *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

Sanctions may be imposed only after a motion, notice, and a hearing provided to the party against whom sanctions are sought. *Stolle*, supra. "This means affording [the party against whom sanctions are sought] an opportunity to explain the circumstances [of the failure to timely respond]." *Maxey v. Covington*, 126 Ga. App. 197, 199 (190 SE2d 448) (1972). At the first hearing on the motion for sanctions, Kemira attempted to provide the testimony of a company official to explain these circumstances, but the trial court directed that such proof be submitted by affidavit. Although it appears the trial court's order gave little or no consideration to the affidavit, the record does reflect that at the second hearing the trial court subsequently heard testimony from the same company official, and gave Kemira an adequate opportunity to explain its failure to file timely responses. "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial

judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act." *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). (Citations and punctuation omitted.) Although the sanctions imposed were harsh given the circumstances, the present record shows that answers were not filed until 65 days after the interrogatories were filed and served by mail, long after the time for timely responses. Since there was some evidence upon which the trial court could base its ruling, we find no abuse of discretion in striking the defenses. *Swindell v. Swindell*, 233 Ga. 854, 856-857 (213 SE2d 697) (1975).

2. Acting pursuant to OCGA § 9-11-37 (b) (2) (B) the trial court ordered that Kemira "is hereby barred from supporting or opposing designated claims or defenses, or prohibited from introducing designated matters into evidence as they relate to . . ." the second and third defenses enumerated by Kemira in its Answer filed in this action. Kemira's second defense alleged that "[t]he Plaintiffs are barred from any recovery from Defendant because no action by the Defendant is the proximate cause of the Plaintiffs' injuries." The third defense provided that "the Plaintiffs would be barred from the recovery of any amount from the Defendants in that: (a) the Plaintiff, Lester Roy Amory's own negligence contributed to the injury; (b) [said plaintiff] assumed the risk of injury; (c) [said plaintiff's] own action was comparatively more negligent than the Defendant's; and (d) [said plaintiff's] own negligence was the proximate cause of his injury."

In its second and third enumerations of error, Kemira argues the trial court erred in granting partial summary judgment in favor of the plaintiffs on the issue of liability because the trial court's sanctions order did not eliminate issues as to proximate cause and negligence. Although the sanctions order did not eliminate the accident defense of Kemira, in light of Kemira's claim that the negligence of a third party caused the alleged injuries, the trial court correctly ruled that the remaining defense of accident did not preclude summary judgment on liability. *Chadwick v. Miller*, 169 Ga. App. 338 (312 SE2d 835) (1983); see *Tolbert v. Duckworth*, 262 Ga. 622 (423 SE2d 229) (1992). The sanctions order clearly eliminates proximate cause as a defense to any injury alleged by the plaintiffs. As to defenses of contributory negligence, assumption of risk, comparative negligence, or plaintiff's own negligence as the proximate cause of his injury, the trial court's sanctions order eliminates these defenses as they pertain to Lester Roy Amory's action for injuries he claims to have suffered as a result of Kemira's negligence, but the sanctions order does not address elimination of such defenses as they may separately relate to Mary Jean Amory's claim for loss of consortium. As the record stands after elimination of these defenses, we find no error in the trial court's grant of summary judgment as to Kemira's liability to Lester Roy

Amory on his action for any injuries sustained as a result of Kemira's negligence. The sanctions order did not eliminate all such negligence defenses with respect to the loss of consortium claim, but nevertheless eliminated proximate cause as a defense on all claims. Thus, the effect of the sanctions order with respect to the loss of consortium claim is unclear since any such negligence defenses are inextricably tied to proximate cause as a defense. Accordingly, summary judgment against Kemira as to liability on the loss of consortium claim is reversed, and the case remanded for the trial court to clarify the effect of the sanctions order with respect to defenses to liability on the loss of consortium claim.

*Judgment affirmed in part, and reversed and remanded in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 26, 1993 —
RECONSIDERATION DENIED AUGUST 17, 1993

*Clark & Clark, Fred S. Clark*, for appellant.
*John C. Watts, Barrow, Sims, Morrow & Lee, A. Mark Lee, Painter, Ratterree, Connolly & Bart, James L. Elliott*, for appellees.