## A01A0372. DEEP SOUTH CONSTRUCTION, INC. v. SLACK.
(546 SE2d 302)

MIKELL, Judge.

Deep South Construction, Inc. ("Deep South") appeals the trial court's dismissal of its complaint, pursuant to OCGA § 9-11-37 (d), as a sanction for wilful failure to respond to discovery in a timely manner. For reasons explained below, we affirm.

The record shows that Deep South filed suit against Robert C. Slack on April 8, 1999, alleging breach of contract. According to the complaint, Deep South contracted with Slack to perform earthmoving and construction services on Slack's property. Deep South alleges that it performed the services in accordance with the contract, but

---

Slack failed to pay. By agreement of counsel, Slack's attorney acknowledged service of the complaint on August 16, 1999. On that day, Slack also filed his answer and counterclaim and served his first request for production of documents on Deep South. Specifically, Slack requested that Deep South produce "[a]ny and all documents which support the Plaintiff's claim that it performed work on the Defendant's property in accordance with the contract between the Plaintiff and Defendant." He requested documentation including letters, bills, invoices, and correspondence involving the parties.

Counsel for Deep South requested an extension of time to respond to the request for production on September 13, 1999, and counsel for Slack agreed. On September 23, 1999, counsel for Deep South sent a letter which stated:

> I realize that I also have a response to a request for production of documents due to you today[;] however, I have been unable to obtain the necessary documents from my client as of this date. As soon as my client delivers the documents to me, I will file a response and provide you with copies of the documents or schedule a time for you to review the documents.

Having received no further response, counsel for Slack sent letters on October 25, November 17, and December 17, 1999, asking that Deep South produce the requested documents. Slack's counsel ultimately threatened to file a motion to compel discovery if the requested documents were not received by January 7, 2000. Deep South responded to Slack's discovery request on January 7, approximately five months after the response was due. However, despite alleging nonpayment for work performed as the basis of its complaint, Deep South failed to provide any invoices or documentation to support the allegation, as requested in paragraphs three and four of Slack's request for production. Deep South provided copies of other lawsuits involving the subcontractors who worked on the same construction project and the following response:

> Other documents including invoices, checks and payroll records exist regarding the work on this project. The clerical person who handled bookkeeping for the corporation left the corporation unexpectedly and as of this date, these documents have not been located. Plaintiff believes that Defendant received invoices or pay requests setting forth the charges on this project. Therefore Defendant should have copies of a portion of these documents. Plaintiff will continue to search for these documents and will supplement these answers as necessary if other documents are located.

In a letter accompanying the response, counsel for Deep South stated that additional documentation had been requested from his client, but that it had not been located at that time.

After Deep South had failed to provide the requested documentation over one month later, Slack filed a motion to dismiss on February 29, 2000. Deep South responded to the motion and filed a supplemental response to the request for production;[1] however, it did not provide the requested invoices and documentation establishing that the work had, in fact, been performed. Approximately one month later, Slack filed a Uniform Superior Court Rule 6.4 (B) certificate stating that counsel had made a good faith effort to resolve the pending discovery dispute. The trial court granted Slack's motion to dismiss, concluding that the documents submitted by Deep South were not responsive and that Deep South's failure to respond to the discovery requests in a timely manner was wilful. OCGA § 9-11-37 (d).

1. Deep South contends that the court erred in granting the motion to dismiss because Slack failed to comply with the requirements of USCR 6.4 (B). This argument has no merit.

"Trial courts have broad discretion to control discovery, including the imposition of sanctions. Absent the showing of a clear abuse of discretion, a court's exercise of that broad discretion will not be reversed." (Citations omitted.) *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999).

USCR 6.4 (B) provides:

> Prior to filing any motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the matters involved. At the time of filing the motion, counsel shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed. . . .

Deep South argues that Slack did not make a good faith effort to resolve the discovery dispute prior to filing the motion to dismiss. Contrary to Deep South's argument, however, we conclude that Slack complied with USCR 6.4 (B) by agreeing to extend the deadline for Deep South's response and by writing three letters reiterating the request for production of documents. We have held that "[t]here is no

---

[1] The supplemental response is not included in the record; however, in its appellate brief, Deep South states that it provided "the name and address of a separate corporation which might have other relevant documentation."

requirement in this rule that counsel for the movant make more than one attempt to resolve the discovery matter." *Mansell 400 Assoc. v. Entex Information Svcs.*, 239 Ga. App. 477, 481 (5) (519 SE2d 46) (1999). Thus, Slack's numerous attempts satisfy the requirements of the rule.

Accordingly, we conclude that the court did not abuse its discretion when it found that Slack satisfied USCR 6.4 (B) and, therefore, granted the motion to dismiss as a sanction for Deep South's failure to produce the requested documents.

2. Next, Deep South argues that the dismissal was entered in error because Slack should have obtained an order compelling discovery before filing the motion to dismiss. Again, we disagree.

OCGA § 9-11-37 (d) (1) provides:

> If a party or an officer, director, or managing agent of a party . . . fails to serve a written response to a request for inspection submitted under Code Section 9-11-34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just; and, among others, it may take any action authorized under subparagraphs (b) (2) (A) and (b) (2) (C) of this Code section.

Subparagraph (b) (2) (C) authorizes the sanction of "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." An order compelling discovery is not a condition precedent for the imposition of sanctions under this Code section. *Rivers*, supra, 241 Ga. App. at 566 (1). See also *Barrego v. OHM Remediation Svcs. Corp.*, 245 Ga. App. 389, 390 (2) (537 SE2d 774) (2000).

Deep South relies on *Strejc v. MARTA*, 197 Ga. App. 88 (397 SE2d 501) (1990), for its contention that its partial response to the discovery renders the court's dismissal an inappropriate sanction; however, that case is factually distinguishable from the case at bar. *Strejc* involved partial and evasive answers to interrogatories. By contrast, the case sub judice concerns Deep South's total failure to produce the invoices and documents on which its claim is based.

Because the filing of a motion to compel is not a condition precedent for seeking sanctions under OCGA § 9-11-37 (d) (1), the court did not abuse its discretion when it granted Slack's motion to dismiss based on Deep South's failure to produce the requested documents. See *Rogers v. Sharpe*, 206 Ga. App. 353, 354 (2) (425 SE2d 391) (1992).

3. Finally, Deep South contends that the trial court erred in concluding that it totally failed to respond to discovery. Deep South

argues that it responded to the request for production by requesting an extension and eventually filing a partial response.

"A trial court's finding that a party has wilfully failed to comply with its discovery obligations will not be reversed if there is any evidence to support it." (Citation and punctuation omitted.) *Resource Network Intl. v. Ritz-Carlton Hotel Co.*, 232 Ga. App. 242, 244 (501 SE2d 573) (1998). A harsh sanction such as dismissal for failure to participate in discovery requires a "conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." Id. at 242. See also *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51 (1) (435 SE2d 236) (1993). Significantly, we have held that there is no requirement that the trial court find actual "wilfulness," because "[a] conscious or intentional failure to act is in fact wilful." (Punctuation omitted.) *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

We find that there was evidence to support the trial court's finding of wilful failure to respond to discovery. Deep South filed suit alleging that Slack failed to pay for services it rendered; however, it consciously failed to produce the requested documentation that would evidence performance of the services, even after Slack's counsel requested the documents on at least three occasions after granting an extension of the initial response period. "Plaintiffs who file lawsuits and put defendants to the expense and trouble to answer[ ] should at least prosecute their actions efficiently and diligently; the [Civil Practice Act] authorizes dismissal in a case like this." *Bells Ferry Landing*, supra at 345.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 21, 2001.

*Thompson & Sweeney, Virgil L. Thompson, Jr.*, for appellant.
*McLarty, Robinson & Van Voorhies, John E. Robinson*, for appellee.

A01A0582. TWEEDELL v. THE STATE.
(546 SE2d 306)

ELDRIDGE, Judge.

A Cobb County jury convicted Michael Anthony Tweedell of three counts of armed robbery. He was sentenced to 20 years to

serve.[1] The defendant appeals from the superior court's denial of his motion for new trial, as amended, contending that the evidence was insufficient to support his conviction. Finding this claim to be without merit, we affirm. *Held*:

When reviewed in the light most favorable to the verdict, *Singleton v. State*, 231 Ga. App. 694 (1) (500 SE2d 411) (1998), the record shows that a white male entered a Cobb County health food store on a July 1992 afternoon. The perpetrator approached two cashiers at the cash register, opened his shirt revealing a handgun in the waistband of his pants, and demanded the money in the register. He also told one of the cashiers to hand over her jewelry. Seeing that the cashiers were having difficulty in opening the cash drawer, the perpetrator directed that they ring up a snack package of banana chips in the apparent belief that this would open the register. In doing so, he handled a chips bag with his hand. On being given the money, approximately $150, the perpetrator vacated the premises, the armed robbery taking place in not more than ten minutes.

Told by the cashiers that the perpetrator had touched the package of chips, a detective at the crime scene secured the same in an evidence bag. Subsequently, a crime scene technician lifted a fingerprint from the bag and placed it on a latent fingerprint card. In 1998, not having been able to previously identify the fingerprint, the police screened the latent print using the Automated Fingerprint Identification System, a system which had recently been procured. Computer analysis identified a known print of the defendant as the closest of ten matches to the latent print.

At trial, the State's fingerprint analyst testified that his visual comparison of the fingerprints confirmed that the latent print belonged to the defendant. Although conceding their inability to positively identify the defendant as the perpetrator in or out of court, each cashier gave testimony describing him as a white male, standing about five and a half feet tall, weighing approximately 150 pounds, and having unkempt, long, brown hair. They also testified that they had never seen the perpetrator before the armed robbery, one cashier having been employed by the store for two years, the other for three months.

The defendant does not challenge the conclusions drawn by the State's fingerprint expert upon testimony and evidence in the record as matters for the jury's determination. *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 635 (1) (512 SE2d 34) (1999). Rather, the defendant points to the testimony of his own fingerprint expert indi-

---

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*