**FOURTH DIVISION**
**DILLARD, P. J.,**
**MCFADDEN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 4, 2022**

# In the Court of Appeals of Georgia

A21A1746. DENTISTRY FOR CHILDREN OF GEORGIA et al. v. FOSTER et al.

MCFADDEN, Presiding Judge.

Defendants Dentistry for Children of Georgia, LLC and D4C Dental Brands, Inc. (collectively, the "corporate defendants") appeal an order precluding them from presenting a defense at trial as a sanction for discovery violations. We hold that the corporate defendants have not shown that the trial court clearly abused her discretion in imposing the sanction. So we affirm.

1. *Factual and procedural background.*

This case began when 11 children and their guardians sued the corporate defendants and several individual dentists alleging that the children sustained injuries

when water contaminated with bacteria was used in unnecessary dental procedures performed on the children at a pediatric dental clinic.

The case proceeded and, eventually, the plaintiffs filed a motion for sanctions for the corporate defendants' failure to respond to four discovery requests. Following a hearing, the trial court granted the plaintiffs' motion. The court found that the corporate defendants wilfully failed to respond to the discovery and barred them from defending the claims asserted against them in the plaintiffs' first and second amended complaints, should the plaintiffs present evidence on the claims. We granted the corporate defendants' application for interlocutory appeal, and this appeal followed.

2. *Standard of review*.

"A trial court has broad discretion to control discovery, including the imposition of sanctions, and this [c]ourt will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion." *Resurgens, P.C. v. Elliott*, 301 Ga. 589, 597-598 (2) (b) (800 SE2d 580) (2017) (citations and punctuation omitted).

> This is because trial judges, through their direct involvement with the case, the parties, and the attorneys, and their familiarity with the actions of the parties in the conduct of discovery in similar cases that are properly brought to their attention, are in the best position to evaluate the parties' conduct and to determine the appropriate level of sanctions.

2

*Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 734 (4) (698 SE2d 19) (2010) (citation and punctuation omitted). So, "[h]istorically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse[, including] a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act." *Kemira, Inc. v. Amory*, 210 Ga. App. 48, 51-52 (1) (435 SE2d 236) (1993) (citation and punctuation omitted).

3. *Applicable law*.

Under OCGA § 9-11-37 (d) (1) of the Civil Practice Act, "[i]f, after proper service, a party or his agent fails to serve answers or objections to interrogatories or requests to produce, the presiding judge may take any action authorized under OCGA § 9-11-37 (b) (2) (A) through (b) (2) (C)." *Cannon Air Transp. Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 517-518 (4) (548 SE2d 485) (2001) (citation and punctuation omitted). Those subsections authorize the trial court to enter:

(A) [a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) [a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence; [or] (C) [a]n order

3

striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

OCGA § 9-11-37 (b) (2) (A) through (b) (2) (C).

Generally dismissal, default, and striking a party's pleadings are considered to be the harshest sanctions. See *In re Farnham*, 312 Ga. 65, 68 (860 SE2d 547) (2021); *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991); *Portman v. Zipperer*, 350 Ga. App. 180, 182-183 (1) (827 SE2d 76) (2019). "[T]he trial court must find wilfulness as a predicate to imposing those sanctions." *Portman*, 350 Ga. App. at 182-183 (1). The sanctions before us are similar. So we will assume for purposes of this appeal that the sanction imposed by the trial court — preventing the corporate defendants from defending the claims in the plaintiffs' first and seconded amended complaints, should the plaintiffs present evidence on those claims — also required the trial court to find wilfulness as a predicate.

4. *The trial court did not abuse her discretion in finding the failure to respond was wilful.*

The corporate defendants argue that there was no basis for finding their failure to respond to the four items of discovery was wilful, and so that the trial court abused her discretion in imposing such a harsh sanction. We hold that the record supports the trial court's finding of wilfulness.

"[W]ilfulness in this context requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." *Portman*, 350 Ga. App. at 183 (1) (citation and punctuation omitted). "There is no requirement that the [party] display and the trial court find actual wilfulness." *Resource Network Intl. v. Ritz-Carlton Hotel Co.*, 232 Ga. App. 242 (1) (501 SE2d 573) (1998) (citation and punctuation omitted).

The record supports a finding that the corporate defendants consciously failed to respond to the plaintiffs' discovery requests amounting to wilfulness. As noted, the sanctions were based on the corporate defendants' failure to respond to four discovery requests: (1) April 17, 2019 interrogatories and a request for production of documents served on Dentistry for Children of Georgia by some of the plaintiffs; (2) August 16, 2019 second continuing interrogatories and requests for production of documents served on the corporate defendants by all plaintiffs; (3) August 19, 2019 third continuing requests for production of documents served on the corporate defendants

by all plaintiffs; and (4) September 30, 2019 fourth continuing requests for production of documents served on the corporate defendants by all plaintiffs.

Regarding the April 2019 discovery requests directed to Dentistry for Children of Georgia, plaintiffs' counsel re-sent the discovery requests on July 8, 2019. On July 17, 2019, he emailed the attorney who was representing the corporate defendants at the time,[1] asking when he could expect responses. Defense counsel responded on July 18, 2019, that he would serve responses to as many as he could by July 26, and to the rest by August 2. Plaintiffs' counsel emailed defense counsel on July 31, 2019, that he had received no responses. Counsel had not received a response by the time he filed the motion for sanctions in February 2020.

As for the August and September 2019 discovery, the plaintiffs mailed and emailed copies of these discovery requests to defense counsel and filed and served certificates of service. On January 7, 2020, plaintiffs' counsel sent defense counsel an email notifying him that responses to the three items were outstanding and requesting that he provide responses by January 21, 2020. According to plaintiffs' counsel, defense counsel did not respond to the email.

---

[1] The corporate defendants obtained new counsel after the trial court granted the plaintiffs' motion for sanctions.

As of February 28, 2020, the date the plaintiffs filed their motion for sanctions, defense counsel had not served plaintiffs' counsel with any responses to the four discovery requests. The corporate defendants finally answered all outstanding written discovery the week of June 19, 2020.

In the meantime, while their answers to discovery were outstanding, the corporate defendants served close to 100 requests for production of documents to non-parties and noticed the depositions of 18 of the guardian plaintiffs.

The corporate defendants "do[] not assert that [they were] unaware of [the] discovery requests or that [their] failure to respond was accidental or involuntary." *Stolle v. State Farm Mut. Automobile Ins. Co.*, 206 Ga. App. 235, 237 (3) (424 SE2d 807) (1992). Indeed, the record demonstrates that the corporate defendants knew that discovery had been served and knew that their responses were overdue, but failed to respond, while conducting their own discovery. This shows "a conscious or intentional failure to act[.]" *Portman*, 350 Ga. App. at 183 (1) (citation and punctuation omitted). See also *Smith v. Byess*, 127 Ga. App. 39, 41 (1) (192 SE2d 552) (1972) (defendant's conduct in not answering plaintiff's discovery while requiring plaintiff to answer his discovery "showed a blatant disregard for the rights of others," authorizing striking of defendant's pleadings).

The trial court did not abuse her discretion in finding that the failure to respond was wilful, authorizing the harsh sanction that she imposed.

5. *The corporate defendants have not shown that the sanction imposed was too harsh.*

The corporate defendants assert a variety of arguments in support of their assertion that the sanction imposed was too harsh. They argue that they did not completely fail to participate in discovery; that the court did not consider the context of the case, including that the plaintiffs were not prejudiced; that counsel presented evidence of mitigating circumstances; and that the sanction was manifestly unjust.

(a) *Failure to respond to discovery.*

The corporate defendants argue that they did not completely fail to participate in discovery but had responded to more than 300 interrogatories, more than 200 requests for documents, and more than 500 requests for admission. But it is the failure to respond to an item of discovery, not the failure to respond to any discovery, that is relevant; and that failure is relevant in the context of reviewing the trial court's exercise of discretion in imposing a sanction in the absence of a party's violation of a court order compelling discovery. See *Greenbriar Homes v. Builders Ins*., 273 Ga. App. 344, 344-345 & 346-347 (4) (615 SE2d 191) (2005) (defendant responded to

request for admissions but did not respond to interrogatories and request for production of documents, which amounted to a total failure justifying the entry of a default judgment); *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 577-578 (359 SE2d 441) (1987) (trial court did not abuse its discretion in dismissing plaintiff's complaint for a total failure to respond to interrogatories and second request for production of documents, although plaintiff had answered first request for production).

(b) *Consideration of the context of the case.*

Relying on *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34 (486 SE2d 180) (1997) (physical precedent only), the corporate defendants argue that, when viewed in context of the case as a whole, the sanction was too severe. They specify that the court should have considered that the plaintiffs had served an overwhelming number of discovery requests; that there was an apparent miscommunication resulting in the delayed receipt of the April 2019 discovery request; and that the August and September 2019 discovery requests were served during a time when counsel's mother was diagnosed with a terminal illness that quickly led to her death.

First, we note that *Conkle* is physical precedent only. See Ga. Ct. App. R. 33.2 (a) (2). And in *Conkle*, one of the reasons we reversed the sanction imposed was

because the trial court had not conducted a hearing on the motion for sanctions. *Conkle*, 226 Ga. App. at 40-42 (1) (a). Here, on the other hand, the trial court did conduct a hearing, and the parties argued all the circumstances the corporate defendants assert that the trial court should have considered. Counsel for the corporate defendants admitted that he did not timely respond to the discovery or file any kind of motion to limit discovery; and he accepted responsibility for that failure.

Another reason we reversed the sanction in *Conkle* was because, unlike here, the trial court did not make an express finding of wilfulness. *Conkle*, 226 Ga. App. at 42-43 (1) (b). *Conkle* does not support reversing the sanction the trial court imposed against the corporate defendants.

(c) *Counsel presented evidence of mitigating circumstances*.

The corporate defendants argue that a lesser sanction would have been more appropriate, given a personal tragedy suffered by the corporate defendants' counsel and the lack of any discernible prejudice suffered by the plaintiffs. But counsel's personal tragedy does not explain the failure to respond before the tragedy or after. The corporate defendants cite no Georgia authority, and we have found none, for the proposition that the trial court was required to find prejudice before imposing the sanction.

10

(d) *The sanction was not manifestly unjust.*

The corporate defendants argue that the sanction imposed was manifestly unjust, especially given that the plaintiffs have not shown that they were prejudiced. As noted, the plaintiffs were not required by Georgia law to show prejudice. And the cases the corporate defendants cite in support of their argument that the sanction imposed was manifestly unjust are distinguishable. Three of them do not involve discovery sanctions. In *Lee v. Smith*, 307 Ga. 815, 822 (2) (838 SE2d 870) (2020), our Supreme Court found a sanction of excluding an expert witness *solely* because of a failure to identify the witness by a deadline established in a scheduling order to be an abuse of the trial court's discretion. In *Carder v. Racine Enterprises*, 261 Ga. 142, 143-144 (2) (401 SE2d 688) (1991), the Court held that a sanction of preventing the defense from contesting liability because the defendants failed to participate in the production of a pretrial order to be too harsh. In *Cortes v. Ga. Power Co.*, __ Ga. App. __, __ (863 SE2d 376) (Case No. A21A0706, decided Sept. 8, 2021), we vacated an order dismissing a plaintiffs' complaint entered four days after the plaintiffs had missed a 20-day deadline to submit a proposed scheduling order.

The fourth case they cite, *Foundation Contractors v. Home Depot U.S.A.*, 359 Ga. App. 26, 29-31 (1) (855 SE2d 434) (2021), did involve our reversing a sanction

11

of default for a discovery violation. But there we held that no evidence supported a finding of wilful behavior. Id. at 30-31 (1). As detailed above, here the record supports the trial court's finding of wilfulness.

"Although the sanctions imposed were harsh given the circumstances, the present record shows that answers were not filed until . . . long after the time for timely responses. Since there was some evidence upon which the trial court could base [her] ruling, we find no abuse of discretion in [the sanction the court imposed]." *Kemira, Inc.*, 210 Ga. App. at 52 (1).

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*