**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 24, 2024**

# In the Court of Appeals of Georgia

A24A0988. CERNA v. CORNEJO.

LAND, Judge.

In this divorce action between Jimmi Cerna ("Husband") and Erika Cornejo ("Wife"), we granted Husband's application for discretionary review of the denial of his motion for new trial and to set aside the divorce decree. Husband argues that the trial court erred by preventing him from admitting certain evidence at trial as a sanction for his allegedly incomplete discovery responses. He also argues that there was insufficient evidence to support the trial court's division of marital assets and its award of sole custody, child support, alimony, and attorney fees to Wife. For the following reasons, we reverse.

The record shows that Husband and Wife were married in 2014 and have four minor children. During the marriage, the parties accumulated marital assets including a marital home, cars, furnishings, personal property, and bank accounts. Husband was self-employed and owned a pool company, while Wife worked periodically.

In December 2022, Wife filed a complaint seeking a divorce. Husband counterclaimed for a divorce on the grounds that the marriage was irretrievably broken and that Wife had committed adultery.

As part of the divorce proceedings, Wife requested certain discovery, to which Husband responded through counsel. In May 2023, Wife filed a motion to compel, alleging that many of Husband's responses to her requests for production of documents were incomplete or otherwise deficient. Specifically, Wife argued that Husband failed to produce vehicle records, credit card statements, medical records, surveillance records, the children's education records, evidence relating to "any criminal conduct [Husband has] engaged in," and "copies of all communication between [Husband and Wife] since January 1, 2017, including but not limited to letters, notes, text messages and emails." Husband responded to many of these

requests by stating that he did not have the requested documents. He objected to others as being overbroad, unduly burdensome, and seeking privileged information.

After Wife filed her motion to compel, Husband's counsel withdrew from the case, leaving Husband unrepresented. Husband failed to respond to the motion to compel and did not appear at the hearing on that motion. After noting that Husband failed to appear for the hearing, the trial court entered an order finding that Husband had

> failed to provide complete responses related to the parties' vehicle titles and registration, his monthly credit card statements, medical bills and records related to [his] health, any surveillance and investigation of [Wife], any evidence related to [Wife's] alleged adultery, any evidence of [Husband's] own criminal conduct, any text messages, emails, and other communications between the parties, any video and audio recordings of [Wife], any documents related to the children's education and grades, and any documents evidencing [Husband's] claim that he is entitled to primary physical custody of the children[.]

Characterizing Husband's deficient discovery responses as "willful," the trial court issued immediate sanctions against him and ordered that he was "enjoined from entering evidence regarding custody of the children, evidence of [Wife's] alleged adultery, and the other issues noted above which [Husband] has failed to provide

documents and evidence to [Wife]." This sanction was issued despite the fact that Wife's motion to compel did not seek any such sanction but rather merely sought an order compelling the production of the documents, attorney fees and expenses, and "such other and further relief as may be just and proper." **V2, R44**

Husband appeared pro se at the bench trial. Wife was the only witness. Wife testified regarding the parties' income, assets, liabilities and made various assertions regarding Husband's poor business dealings, his criminal conduct, and his allegedly inappropriate discipline of their son.

Following Wife's testimony on direct examination, Husband took the stand to testify. Before allowing him to speak, the trial court informed Husband that he had a pending indictment against him in Cobb County for criminal theft by taking and that anything that he said during the bench trial could be used against him in that criminal proceeding. The trial court then informed Husband that he could not present evidence on the issues addressed in the motion to compel order and then told Husband this order covered "pretty much everything." A review of the trial transcript reveals that Husband attempted to explain to the trial court that he was unaware of the motion to compel proceedings, that everything seemed "one-sided" to him, and that he had not

had the benefit of counsel. The trial court responded as follows: "Hog wash. Horse feathers, those are the most harsh things I'm allowed to say." Husband then declined to testify. Although the trial court asked Husband whether he wanted to ask Wife any questions, it does not appear to us that it gave Husband any meaningful opportunity to answer that question or to ask Wife any questions.

The trial court adopted and entered the proposed order provided by Wife's counsel as the final order on October 11, 2023. This order granted the divorce in favor of Wife, and awarded her sole, legal custody of their children with Husband's visitation at her discretion, child support of $2,377.00 per month, alimony of $1,000.00 per month, sole and exclusive possession, ownership, title and 100% equity in the marital home, all of its furnishings and personal property, and attorney fees. The trial court's order also awarded the amounts contained in joint marital accounts to Wife and required Husband to pay all joint credit cards, debts, and liabilities of the parties. Husband was awarded only his clothing, personal effects, personal bank account, and his pool business, which the trial court doubted had any value.

Husband filed a timely, counseled motion for new trial and motion to set aside, which the trial court denied after a hearing. We granted Husband's application for discretionary review of those orders.

1. Husband argues that the trial court should have entered an order compelling Husband to respond to Wife's discovery requests prior to issuing the immediate sanction of exclusion of evidence. We agree.

OCGA § 9-11-37 ("Rule 37") "deals with the consequences of a failure to permit discovery." *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (331 SE2d 95) (1985). Under Rule 37 (a), when a "party receives an evasive or incomplete answer to a discovery request," in order to obtain a complete answer or sanctions for failure to produce the same, "the party must file a motion to compel, *obtain an order from the court compelling an answer, and then seek sanctions if the responding party still refuses to comply*." (Emphasis supplied) (Citation and punctuation omitted.) *Resurgens v. Elliott*, 301 Ga. 589, 595 (2) (a) (800 SE2d 580) (2017). See OCGA § 9-11-37 (a). The exception to the requirement that the court first issue an order compelling discovery responses prior to issuing sanctions is found in OCGA § 9-11-37(d). That provision states that when a party totally fails to provide certain discovery or provides a "false

or deliberately misleading discovery response," certain immediate sanctions (including exclusion of evidence) may be ordered. *Resurgens*, 301 Ga. at 595 (2) (a), citing OCGA § 9-11-37 (d) (1); *Stolle v. State Farm Mut. Automobile Ins. Co.*, 206 Ga. App. 235, 237 (424 SE2d 807) (1992) "[T]he authorization of immediate sanctions under OCGA 9-11-37(d) has been construed to apply to nothing 'less than a serious or total failure to respond[.]" (Punctuation omitted.) *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441 (1987).

Trial courts "have broad discretion in controlling discovery, including the imposition of sanctions." (Citation and punctuation omitted.) *Howard v. Alegria*, 321 Ga. App. 178, 187 (4) (a) (739 SE2d 95) (2013). However, we have an obligation to enforce the rules as written by the legislature and not permit the imposition of sanctions that go beyond what is allowed by the controlling law. Here, the trial court did not find that Husband's discovery deficiencies were a "serious or total failure to respond," and the record before us fails to support such a finding. Wife's motion to compel only sought an "order compelling [Husband] to respond" more fully to certain enumerated requests. Husband responded to these requests by stating that he either had no responsive documents, or he objected to the requests on certain

specified grounds. While Husband's production of documents may have indeed been deficient, there was no finding by the trial court that he provided false or deliberately misleading responses or that he had seriously or totally failed to respond to the requests. The trial court's order found only that Husband "failed to provide complete discovery responses" and characterized this shortcoming as willful. Under these circumstances, Wife may have been entitled to an order compelling Husband to produce documents pursuant to Rule 37(a), as well as a corresponding award of attorney fees, but she was not entitled to (and in fact did not ask for) the immediate sanction of exclusion of evidence. The trial court's issuance of this sanction is accordingly reversed. See *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 440, n. 1 (254 SE2d 825) (1979) (explaining why evasive or incomplete discovery responses do not authorize Rule 37 (d) sanctions and stating that the proper remedy for such answers is for the trial court to order a complete response under Rule 37 (a)).[1]

---

[1] In so ruling, we note that we are especially concerned with the trial court's order that Husband could not tender evidence at trial regarding the issue of child custody. This ruling is not in keeping with the legislative mandate that the trial court consider all circumstances and render a decision that furthers the best interest of the children. OCGA § 19-9-3. See also *Crenshaw v. Crenshaw*, 267 Ga. 20, 21 (1) (471 SE2d 845) (1996) (At final divorce hearing, the trial court must decide custody of the minor children, visitation rights and child support and "parties to the divorce action must be given reasonable opportunity to be heard on these issues").

2. In several enumerations of error, Husband argues that we should reverse the trial court's divorce decree because it erred by awarding Wife sole custody of their minor children, child support, alimony, and an inequitable division of their marital assets, and by imposing an award of attorney fees against him. Because these rulings were substantially impacted by the trial court's erroneous issuance of the sanctions addressed in Division 1, we agree with Husband and reverse the trial court's final divorce decree and remand the case to the trial court for a new trial.

*Judgment reversed. Miller, P. J., and Markle, J., concur.*